**UNITED STATES**

v.

**Anthony A. CRUZ, 572–19–2657, Radioman Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 92 02284.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 April 1992.

Decided 3 Sept. 1993.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

Capt Laulie S. Powell, USMC, Appellate Government Counsel.

Before REED, LAWRENCE, and DeCICCO, JJ.

LAWRENCE, Judge:

I.

Appellant was tried on 8 April 1992 by a military judge sitting alone as a special court-martial and was convicted according to his guilty pleas of a period of unauthorized absence of about 11 months. The sentence, which included a bad-conduct discharge, was approved by the convening authority on 13 August 1992. The convening authority sent the record to the Navy–Marine Corps Appellate Review Activity [hereinafter NAMARA], an activity under the command of the Judge Advocate General, for referral to this Court for review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Apparently, while screening the record after its receipt on 14 October 1992, an official of NAMARA noted that the record was missing the staff judge advocate's recommendation required by Article 60(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(d) and Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial, United States, 1984, and proof of service of the recommendation on trial defense counsel. For that reason, on 4 De-

cember 1992, NAMARA returned the record to the convening authority for inclusion of the recommendation and proof of service. In response, on 27 January 1993, the convening authority again took action and approved the sentence as he had done previously. The staff judge advocate's recommendation now in the record is dated 16 January 1993, and the proof of service by certified mail on trial defense counsel is dated one day later. We conclude that the first convening authority action was taken without the benefit of any staff judge advocate recommendation.

Appellant contends in his first assignment of error,[1] that the first action was erroneous because it was taken without benefit of a staff judge advocate recommendation. Because this first action is not a nullity, see United States v. Dunbar, 28 M.J. 972 (N.M.C.M.R.1989), aff'd, 31 M.J. 70 (1990), and the record had been forwarded for review, appellant asserts that the convening authority had no authority to take a second action. Because the second action has no legal effect, appellant requests that both actions be set aside and the record be remanded for a new action that meets the requirements of Article 60(d) and R.C.M. 1106. The Government argues that remanding the case would serve no useful purpose and that any errors in taking the convening authority's action resulted in no prejudice to appellant.

## II.

■■■ Article 65, UCMJ, 10 U.S.C. § 865, authorizes the Judge Advocate General to take "appropriate action" on records of trial received for review under Article 66(c). R.C.M. 1107(f)(2) grants to a "higher reviewing authority or the Judge Advocate General" the authority to direct the convening authority to "modify any incomplete, ambiguous, void, or inaccurate action noted in review of the record of trial under Article 64, 66, 67, or examination of the record

of trial under Article 69." Transmittal of the record of trial to the Judge Advocate General and referral of the record to this Court by the Judge Advocate General is an essential requirement under Article 66(b) and (c). If in reviewing the record the Judge Advocate General or his designee notes an error, omission, or ambiguity that will preclude or substantially hinder review of the record by this Court, that officer is not required to ignore this fact and refer the defective record to this Court for briefing by counsel prior to our taking remedial or corrective action, thereby delaying final review by many weeks or months. We conclude that such impotence in the face of an obvious defect in the record is not mandated by the UCMJ or the Manual for Courts–Martial.

In this case, the Judge Advocate General's designee discovered an omission of an important document in the record and returned the record to the convening authority to remedy the deficiency by including a staff judge advocate recommendation and proof of service on trial defense counsel in the record.[2] Since no recommendation had previously been prepared or served on trial defense counsel, the only way that the convening authority could comply was to have a recommendation prepared and served on trial defense counsel. Because the first action was erroneous, the convening authority apparently concluded, with the advice of a judge advocate, that appropriate compliance with the terms of the return of the record required that he take a new action based on the recommendation which was prepared well after the first action. We find that taking a second action was within his authority based on the terms of the return by the Judge Advocate General's designee.

## III.

Accordingly, we decline to remand the case for a new action. We hold that prior

---

**1.** I. THE CONVENING AUTHORITY HAD NO POWER TO TAKE THE SECOND ACTION IN THIS CASE, AS HE HAD ALREADY PUBLISHED A PREVIOUS ACTION.

**2.** Nothing before us indicates that the official who returned the record was acting outside his or her delegated authority. We apply a presumption of regularity and find that the official acted within his or her delegated authority from the Judge Advocate General.

to referral of the record to this Court the Judge Advocate General and his designees have authority to return a record of trial forwarded for review under Article 66(c) to the convening authority with direction to remedy or correct errors, omissions, or ambiguities in the record of trial or occurring during post-trial procedures mandated by Article 60, UCMJ. Of course, the remedial or corrective action may not have a result less favorable to the accused than the earlier action. R.C.M. 1107(f)(2). We believe that this holding will result in the correction of defects in the record of trial and during the post-trial processing of the case at the earliest time, *see United States v. Nelson*, 35 M.J. 716 (N.M.C.M.R.1992), and cannot reasonably result in action prejudicial to any substantial right of the accused.

## IV.

The remaining assignments of error [3] are without merit. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge REED, and Judge DeCICCO concur.

[3.] II. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATIONS OMITTED.)

III. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATIONS OMITTED.)

IV. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. (CITATION OMITTED.)

V. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)