## UNITED STATES

v.

**Troy L. SMITH, 507 84 0017, Private (E–1), U.S. Marine Corps.**

**NMCM 95 01903.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 24 March 1995.

Decided 30 Sept. 1996.

---

LT John J. Luke, JAGC, USNR, Appellate Defense Counsel.

LT Kevin L. Flynn, JAGC, USNR, Appellate Government Counsel.

Before DOMBROSKI, C.J., and LUCAS and OLIVER, JJ.

DOMBROSKI, Chief Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto, and we have concluded that the first assignment of error has merit. However, we do not agree with appellant's requested relief—that we approve a bad-conduct discharge in lieu of the adjudged dishonorable discharge. For the reasons stated below, we will return the record for the convening authority to withdraw his original action and substitute a corrected action. Rule for Courts–Martial [R.C.M.] 1107(g), Manual for Courts–Martial, United States (1995 ed.).

## Background

Pursuant to his guilty pleas, the appellant was convicted at a general court-martial of attempted larceny, conspiracy to commit larceny, larceny (sixteen specifications), making and presenting false travel claims (thirty-nine specifications), wrongful alteration of a military identification card, and use of an altered military identification card (four specifications), in violation of Articles 80, 81, 121, 132, and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 880, 881, 921, 932 and 934, respectively. The offenses arose out of a long-running fraudulent travel claim scam in Europe whereby large cash advances were being claimed and paid against phony travel orders which appellant and his co-conspirators had prepared.

The general court-martial, consisting of officer and enlisted members, sentenced the appellant to confinement for 7 years, forfeiture of all pay and allowances, and a dishonorable discharge. In his action dated 5 September 1995, the convening authority stated, in pertinent part: "In the case of Private Troy L. Smith, U.S. Marine Corps, 507–84–0017, the sentence is approved and, except for the sentence extending to a bad conduct discharge, will be executed." The results· of the trial and the action of the convening authority were promulgated in a document styled "SPECIAL [sic] COURT–MARTIAL ORDER NO. 6–95" and dated 5 September 1995. The distribution list for the order included the appellant and his counsel.

In an affidavit dated 19 April 1996,[2] the convening authority avers that it was always his intention to approve the adjudged dishonorable discharge, the reference to a bad-conduct discharge in the initial action being attributable to administrative error and oversight. Attached to the affidavit is a certified true copy of what purports to be a corrected

---

1. I. THE PROMULGATING ORDER AND ACTION OF THE CONVENING AUTHORITY ARE AMBIGUOUS IN THAT THEY PURPORT TO APPROVE THE SENTENCE ADJUDGED AT TRIAL, WHICH INCLUDES A DISHONORABLE DISCHARGE, BUT INSTEAD MITIGATE THE PUNITIVE DISCHARGE TO A BAD–CONDUCT DISCHARGE.

II. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE THE NATURE OF APPELLANT'S OFFENSES AND THE CHARACTER OF HIS SERVICE DO NOT WARRANT AN UNSUSPENDED PUNITIVE DISCHARGE. (Footnote omitted.)

2. We granted the Government's motion to attach documents in support of its brief.

convening authority's action. This document is identical to the initial action, including serial number and date, except for the substitution of the words "dishonorable discharge" for "bad conduct discharge" in the first sentence of the action, as set out above.

Apparently the so-called corrected action was prepared at or near the same time as the convening authority's affidavit and in any case, long after the record had been forwarded to this Court for review.[3] It is not at all clear how, if at all, the so-called corrected action was promulgated. There is no supplemental or corrected promulgating order attached to the record. The convening authority's affidavit contains the following cryptic sentence: "Subsequently [i.e. after promulgation of the initial action], the draft of promulgate, [sic], that approving the dishonorable discharge, was discovered, signed, and promulgated."

### Discussion

R.C.M. 1107(f)(2) provides in pertinent part: "Modification of initial action. The convening authority may recall and modify any action taken by that convening authority at any time *before it has been published or before the accused has been officially notified.*" (Emphasis added.) In his brief, Appellate Government counsel cites this rule and this Court's decisions in *United States v. Cruz*, 38 M.J. 611 (N.M.C.M.R.1993) and *United States v. Nelson*, 35 M.J. 716 (N.M.C.M.R.1992), to argue that the issue of ambiguity in the convening authority's action is mooted by the subsequent corrective action taken by the convening authority. We disagree.

R.C.M. 1107(f)(2) by its terms places time limitations on the convening authority's ability to modify an action already taken in a case. In *United States v. Montesinos*, 28 M.J. 38, 42 (C.M.A.1989), the Court of Military Appeals (now the Court of Appeals for the Armed Forces) interpreted the rule as depriving a convening authority of jurisdiction over a case once the initial action is published or the accused has been officially notified, unless the case is remanded to the convening authority or he is empowered to

suspend or remit the sentence pursuant to R.C.M. 1108(b).

More recently, the Court of Military Appeals interpreted the 1983 amendments to Article 61, UCMJ, as creating a 10–day period following service of the convening authority's action on an accused or his defense counsel, during which the convening authority retains power over a case, including the power to correct administrative errors. *United States v. Diaz*, 40 M.J. 335, 344–45 (C.M.A.1994). This is the period in which an accused may waive appellate review by filing a notice of waiver with the convening authority. The 10 days may be extended by a convening authority for good cause for not more than 30 additional days. Article 61(a), UCMJ. Beyond these limits, a convening authority is without power to act unless directed by higher reviewing authority or the Judge Advocate General. R.C.M. 1107(f)(2) and 1107(g).

The Government's reliance on *Cruz* is misplaced. In that case, after examining Article 65, UCMJ, and R.C.M. 1107(f)(2), we held that the Judge Advocate General and his designees have authority to return a record forwarded for review under Article 66(c), UCMJ, to a convening authority with direction to remedy or correct errors, omissions, or ambiguities. *Cruz*, 38 M.J. at 612–13. In the case before us, the convening authority acted unilaterally—there was no direction from the Judge Advocate General or his designee.

Similarly, this Court's decision in *Nelson* does not aid the Government. In *Nelson*, following United States Army Court of Military Review precedents, we held that the convening authority could withdraw an action and substitute a new one, even after the appellant was notified of the initial action, provided the record had not yet been forwarded for review and where the new action resulted in no prejudice to the accused. *Id.*, 35 M.J. at 719–20.

The 1995 amendments to the Rules for Courts–Martial incorporated this rule into R.C.M. 1107 by adding the following sen-

---

**3.** The record was docketed at this Court on 4 October 1995.

tence to that set out previously: "The convening authority may also recall and modify any action at any time *prior to forwarding the record for review,* as long as the modification does not result in action less favorable to the accused than the earlier action," R.C.M. 1107(f)(2)(emphasis added). In the case before us, the convening authority attempted to amend his action long after he had promulgated his initial action and had forwarded the record of trial for review under Article 66, UCMJ. As such, the attempted correction was a nullity.

It should be readily apparent that without rules as to who is empowered to act on a court-martial, and at what point in time, post-trial processing and review of courts-martial could quickly become chaotic. In the appellant's case, we have two differently-worded convening authority's actions in circulation, both under the same serial and date, with no indication even that the later one chronologically is a corrected copy. Also, we do not know at this point how the attempted corrected action was promulgated.

This case joins many that have preceded it in the post-trial processing error category. In addition to the ambiguity in the language of the initial action, we have the initial promulgating order styled a special, vice general, court-martial order, and we have the ambiguous sentence in the affidavit of the convening authority noted above regarding subsequent promulgation. We remind judge advocates, and their support personnel, that in the legal profession particularly, words very often have rather precise meanings and consequences. The failure to carefully craft the appropriate language and to proofread legal documents does an enormous disservice to the client being served and wastes scarce resources in the rework required to correct defects.

### Decision

Having considered the affidavit of the convening authority and having reviewed the entire record of trial, noting the seriousness of the offenses, the adjudged sentence, and the pretrial agreement, we have no reason to question the convening authority's averment that he never intended to mitigate the adjudged dishonorable discharge to a bad-conduct discharge. Nevertheless, his initial action was ambiguous, and by the time he attempted to correct the ambiguity, he was without jurisdiction to do so. Since the attempted correction was a nullity, that leaves before us the initial action with its ambiguity. We defer consideration of the second assignment of error in light of our disposition.

Pursuant to R.C.M. 1107(g), the record of trial is returned to the Judge Advocate General, with directions that the convening authority withdraw his original action dated 5 September 1995 and substitute a corrected action. A corrected promulgating order incorporating the corrected action will also be required. The record will thereafter be returned to this Court for further review.

Judge LUCAS and Judge OLIVER concur.