UNITED STATES

v.

**Benjamin L. ROBBINS, Engineman Fireman Apprentice (E–2), U.S. Navy.**

NMCCA 200300073.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 24 May 2002.

Decided 29 July 2004.

Maj J. Ed Christiansen, USMC, Appellate Defense Counsel.

LT Thomas Belsky, JAGC, USNR, Appellate Defense Counsel.

Capt Glen Hines, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and RITTER, Senior Judge.

CARVER, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of three specifications of unauthorized absence, violation of a lawful general order by inhaling the gaseous contents of a computer duster to achieve intoxication, wrongful use of cocaine, wrongful use of marijuana on about 40 occasions, and five specifications of wrongful distribution of marijuana, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, and 912a.

The appellant was sentenced to a bad-conduct discharge (BCD), confinement for 7 months, forfeiture of $700.00 pay per month for 7 months, and reduction to pay grade E–1. The pretrial agreement had no effect on the sentence. In an act of clemency, the convening authority (CA) disapproved confinement over 6 months and forfeitures over $700.00 pay per month for 6 months. He did not approve the adjudged reduction. The appellant contends that the CA also did not approve the BCD in his action.

After carefully considering the record of trial, the appellant's assignment of error that the CA disapproved the BCD, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. We will clarify the approved and affirmed sentence in our decretal paragraph. In addition, although not assigned as error, we find error in the court-martial order and will order corrective action in our decretal paragraph. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Convening Authority's Action

In his assignment of error, the appellant contends that the CA disapproved the BCD and, therefore, this court is without jurisdiction to review the proceedings under Article 66(b)(1), UCMJ. We disagree.

In his action, the CA reduced the confinement and forfeitures by one month each, but failed to specifically state that the adjudged BCD and adjudged reduction to pay-grade E–1 were approved:

In the case of [the appellant], only so much of the sentence as provides for confinement for six (6) months and forfeiture of seven hundred dollars ($700.00) pay per

month for six (6) months is approved and, except for the part of the sentence extending to the bad conduct [sic] discharge, will be executed.

CA's Action of 25 Oct 2002. The CA further noted that the automatic reduction to pay grade E–1 was effective on the date of the CA's action.

## Background

After the record was forwarded to this court for review, the appellant moved to dismiss the case due to a lack of jurisdiction, because the CA failed to approve the BCD in his action. Appellant's Motion to Dismiss of 27 Feb 2003. The Government opposed the motion, contending that by his action, the CA did approve the BCD. Government's Opposition to Appellant's Motion to Dismiss of 4 Mar 2003. We initially denied the appellant's motion to dismiss, but ordered the record returned to the Judge Advocate General for submission to an appropriate CA for proper post-trial processing. N.M.Ct.Crim. App. Corrected Order of 10 Mar 2003.

The Government then moved to reconsider our order to remand and also moved to attach an affidavit from the original CA. Government Motion to Reconsider and Attach of 12 Mar 2003. In the affidavit, the CA clarified his intention:

Review of my action shows that it was not artfully drafted. As drafted, my action appears to approve only six (6) months of confinement, and six (6) months of forfeitures, and disapprove the reduction to the paygrade [sic] of E–1 and the bad conduct [sic] discharge. That was not my intention.

In taking my action, it was my intention to approve the bad conduct [sic] discharge, the reduction to the paygrade [sic] of E–1, and the confinement and forfeitures, but to limit the time of confinement to six (6) months, and to limit the amount of forfeitures to seven hundred dollars ($700.00) pay per month for six (6) months.

CAPT John Reichl, U.S. Navy, Affidavit of 10 Mar 2002[sic].[1] The appellant did not file an objection either to the motion to reconsider or to the motion to attach. We granted both motions; set aside our earlier order to remand, citing *United States v. Pineda*, 54 M.J. 298 (C.A.A.F.2001); and stated that the appellant "may file a brief and assignment of error no later than 27 May 2003." N.M.Ct. Crim.App. Order of 24 Mar 2003. Thereafter, the appellant filed a number of motions for enlargement of time in which to file the brief and assignment of error, all of which were granted by this court.

The appellant then filed a brief and sole assignment of error:

THIS COURT LACKS JURISDICTION OVER APPELLANT'S CASE BECAUSE THE CONVENING AUTHORITY'S APPROVED SENTENCE DID NOT INCLUDE A PUNITIVE DISCHARGE.

Appellant Brief of 26 Mar 2004 at 2.

## Discussion

The appellant contends that the language of the CA's action amounted to a disapproval of the BCD. We find, however, that the CA's action did not disapprove the BCD, but rather is ambiguous as to whether he approved or disapproved the BCD. The appellant is correct that the CA did not approve the BCD in the first part of his action quoted above, as he should have if he intended to approve the BCD. But, in the second part of that same sentence, the CA did refer to the BCD using the language recommended in Form 12, Appendix 16, of the MANUAL FOR COURTS–MARTIAL, UNITED STATES (2002 ed.), for use in approving a BCD and ordering the rest of the sentence into execution.

The appellant argues that we cannot consider the CA's affidavit in order to resolve the ambiguity because that would constitute an improper modification of his earlier action in violation of RULE FOR COURTS–MARTIAL 1107(f)(2), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2002 ed.), which specifically prohibits modification of published CA's actions, unless so ordered by a higher reviewing authority, to correct an incomplete, am-

---

1. We note that the CA's affidavit is erroneously dated 10 Mar 2002, which is about 2 months prior to the trial date of 24 May 2002. We find that the affidavit was actually signed on 10 Mar 2003 in response to the appellant's motion to dismiss.

biguous, void, or inaccurate action. As noted below, we do not consider the CA's affidavit as a modification of his action.

The appellant also relies upon our opinion in *United States v. Smith*, 44 M.J. 788 (N.M.Ct.Crim.App.1996), *rev. denied*, 48 M.J. 349 (C.A.A.F.1997), for the proposition that we cannot consider the CA's affidavit. We find that *Smith* is distinguishable from our situation and is not, therefore, applicable. The CA in *Smith* approved the adjudged sentence that included a dishonorable discharge (DD), but then stated that, except for the BCD, the sentence was ordered into execution. After his action was published, the CA noticed his error and issued a new action in which he changed the reference to the BCD to DD instead. We held that the second CA's action violated R.C.M. 1107(f)(2) and had no effect. We did, however, consider the CA's affidavit to find that the CA intended to approve the DD despite the ambiguity regarding the type of punitive discharge that was approved. We therefore allowed the CA to withdraw his original action and substitute a corrected action.

█ We hold that where the CA's action is ambiguous as to whether the sentence or a portion of the sentence was approved, we may review all relevant matters, including affidavits from the CA, to determine what sentence or portion of the sentence was approved. *See Pineda*, 54 M.J. at 298, 299 n. 1.

The appellant avers that *Pineda* does not apply because, in that case, the CA's affidavit was unopposed. The appellant now opposes the use of the CA's affidavit. We find and hold that the appellant's current objection to the motion to attach the affidavit is untimely by about a year and will not now be considered. In any event, the appellant has not alleged that the affidavit is incorrect.

█ Upon review of all relevant matters, we are convinced that the CA intended to approve the BCD. The CA's affidavit does not modify his earlier action, but merely clarifies the action he took and is consistent with other language in his action and with the terms of the pretrial agreement which allowed the CA to approve the BCD. Thus, the affidavit does not violate R.C.M. 1107(f)(2). *See United States v. Fagan*, 59 M.J. 238 (C.A.A.F.2004); *United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997).

█ But, where the CA's action is not ambiguous, the Government is bound by the wording of the action, regardless of the intent of the CA. Here, the CA's action failed to approve the adjudged reduction to paygrade E–1. Thus, the Government is bound by the CA's action in disapproving the adjudged reduction. *United States v. Klein*, 55 M.J. 752, 755–56 (N.M.Ct.Crim.App.2001). Although we find that the adjudged reduction to pay grade E–1 was disapproved by the CA, the automatic reduction nonetheless went into effect on the date of the CA's action.

We could direct that the record be remanded for a new CA's action to correct the ambiguity regarding the BCD, but it is clear to us that such action would be a waste of judicial efficiency.[2] We find and hold that the CA did approve the BCD, confinement for 6 months, and forfeiture of $700.00 pay per month for 6 months.

### Conclusion

Accordingly, the findings of guilty and sentence, as approved by the convening authority below, are affirmed. To clarify for the supplemental court-martial order, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 6 months, and forfeiture of $700.00 pay per month for 6 months.

We further direct that the supplemental court-martial order correct the following errors: (1) the plea as to the Specification of Charge IV should be Not Guilty vice Guilty

---

**2.** "We remind judge advocates, and their support personnel, that in the legal profession particularly, words very often have rather precise meanings and consequences. The failure to carefully craft the appropriate language and to proofread legal documents does an enormous disservice to the client being served and wastes scarce resources in the rework required to correct defects." *United States v. Smith*, 44 M.J. 788, 791 (N.M.Ct.Crim.App.1996), *rev. denied*, 48 M.J. 349 (C.A.A.F.1997).

and (2) the findings of the same Specification should be Withdrawn vice Guilty.

Chief Judge DORMAN and Senior Judge RITTER concur.