# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES

### v.

## Sean M. TARDIF
## Food Service Specialist Third Class, U.S. Coast Guard

## CGCMG 1063

## Docket No. 1141

## 14 May 2003

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at Clear Lake, Texas on 25 October 1999.

| | |
|---|---|
| Military Judge: | CAPT Robert W. Bruce, USCG |
| Trial Counsel: | LCDR Thomas P. Marian, USCG |
| Assistant Trial Counsel: | LTJG Michele A. Woodruff, USCGR |
| Detailed Defense Counsel: | LT Andrew R. House, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LCDR Daniel J. Goettle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR AND CAHILL
Appellate Military Judges

BAUM, Chief Judge:

On 26 March 2001, when we first reviewed this case, this Court set aside a twelve day unauthorized absence conviction and dismissed that charge and specification,.  We affirmed the remaining findings of guilty of assaulting a child under 16 years of age and the approved sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to paygrade E-1.  On 25 April 2001, this Court reconsidered and reaffirmed that decision, and, in addition, ordered confinement credit pursuant to *United States v. Allen*, 17 M.J. 126 (C.A.A.F. 1984) for twelve days of incarceration by civil authorities, which had formed the basis for the earlier unauthorized absence charge.  In separate opinions to both of those decisions, I concurred with all but the affirming of two years confinement.  Following *United States v. Collazo*, 53 M.J. 721 (A. Ct. Crim. App. 2000),  I would have reduced the confinement to 21 months based on a delay of 115 days in forwarding the record for review by this Court after the convening authority had acted.

**United States v. Sean M. TARDIF, No. 1141 (C.G. Ct. Crim. App. 2003)**

The Court of Appeals for the Armed Forces granted review of this case to address the post-trial delay issue. On 30 August 2002, it remanded the record for our reconsideration in light of its stated agreement with *United States v. Collazo, supra,* that a Court of Criminal Appeals has authority under Article 66(c), UCMJ, to grant relief for excessive post-trial delay without finding actual prejudice within the meaning of Article 59(a), UCMJ, if it deems relief appropriate under the circumstances. Appellant now asks us to grant him sentence relief for the unexplained and unreasonable post-trial delay, preferably mitigation of the dishonorable discharge to a bad conduct discharge. The Government responds that Appellant has not shown any harm from the delay and, therefore, should not receive relief that would amount to a windfall. In reply, Appellant submits that neither *United States v. Collazo*, *supra*, nor our higher court's decision in this case requires a showing of uniquely personal harm in order to justify a sentence reduction, rather that the delay is to be considered along with the rest of the record in determining what sentence should be approved.

We agree with Appellant's reading of the relevant opinions. Accordingly, we will evaluate the sentence in light of the entire record, including the egregious post-trial delay. Although Appellant did not suffer individualized prejudice, we feel relief may be granted to an appellant when post-trial delay is unreasonable and unexplained. In many cases, unexplained post-trial delay reduces an appellant's opportunity to obtain clemency from a convening authority or to receive meaningful relief if errors are found on appeal. It may also create a perception of unfairness within the military justice system. We believe that the delay in this case was unexplained and unreasonable. Therefore, we believe relief is appropriate.

As I expressed in our prior opinions, I would have reduced the confinement to 21 months. At that time, such a reduction would have resulted in Appellant's early release from confinement. Appellant has now served all approved confinement. While he does not oppose reduction of the confinement to 21 months, presumably because it would result in a refund of a portion of the pay he forfeited, Appellant asks us to convert the dishonorable discharge to a bad conduct discharge. In consideration of all the circumstances of this case, we decline to modify the character of the discharge, but have determined that reduction of the confinement by an additional two months, more than previously suggested, is appropriate.

Accordingly, the findings of guilty previously affirmed are reaffirmed, and only so much of the sentence approved below as provides for a dishonorable discharge, confinement for 19 months, with credit previously granted under *United States v. Allen, supra*, forfeiture of all pay and allowances, and reduction to paygrade E-1 are affirmed.



For the Court,


Roy Shannon, Jr.
Clerk of the Court