UNITED STATES, Appellee,

v.

**Private E2 Michael E. BODKINS, United States Army, Appellant.**

ARMY 20010107.

U.S. Army Court of Criminal Appeals.

18 Nov. 2003.

For Appellant: Major Sean S. Park, JA; Major Joseph A. Pixley, JA, USAR.

For Appellee: Lieutenant Colonel Margaret B. Baines, JA.

Before HARVEY, Senior Judge, BARTO, and SCHENCK, Appellate Military Judges.

## OPINION OF THE COURT

HARVEY, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of absence without leave (AWOL) (two specifications) in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge (BCD), confinement for two months, forfeiture of $695 pay per month for two months, and reduction to Private E1. The convening authority approved the adjudged sentence. This case was submitted on its merits for our review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Despite unreasonable, unexplained, and dilatory post-trial processing, we conclude that relief is waived.[1] Trial defense counsel did not request speedy post-trial processing. Neither trial nor appellate defense counsel sought any reduction in appellant's sentence as a result of the slow post-trial processing.[2] Trial defense counsel must make a timely request for speedy post-trial processing, if that is what appellant desires.

## TRIAL

We found no legal issues after reviewing appellant's seventy-four page record of trial

---

1. The Supreme Court has defined waiver as the " 'intentional relinquishment or abandonment of a known right.' " *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); *see United States v. Carter*, 236 F.3d 777, 783 (6th Cir.2001); *United States v. Baker*, 57 M.J. 330, 337 (C.A.A.F.2002) (Crawford, C.J., dissenting).

2. Appellant did not request any relief pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

(ROT) transcript. Appellant's guilty plea to two AWOLs was legally unremarkable. The military judge granted the only litigated defense request, which was for three days of confinement credit for restriction tantamount to pretrial confinement. Appellant volunteered in his unsworn, pre-sentencing statement that he was AWOL "once or twice" during basic training, that he told his commander during Advanced Individual Training that he did not want to be in the Army, and that he asked his commander at his first assignment if he could leave the Army. He missed his unit's initial movement to Kosovo, "thinking that maybe they would kick me out if I did that." He continued to ask his leaders for a discharge. When he returned from his first charged AWOL, appellant thought he was going to be dropped from the rolls.

Immediately prior to argument, and as requested by trial defense counsel, the military judge provided appellant a detailed explanation of a BCD's ramifications. Despite being fully advised of these adverse consequences, appellant requested, and his trial defense counsel argued, for a BCD in lieu of confinement.[3] Neither trial defense counsel nor trial counsel objected to any questions posed to witnesses, to the admissibility of any evidence, or to any rulings of the military judge. Nothing that occurred during appellant's trial raised any legal, factual, or sentence appropriateness issues.

## POST–TRIAL

We assume that appellant was released from confinement approximately 50 days after trial.[4] Appellant's trial defense counsel waived submission of clemency matters to the convening authority, 252 days after trial and 79 days after being served with the staff judge advocate's post-trial recommendation (SJAR). *See* Rule for Courts–Martial [hereinafter R.C.M.] 1105(d)(3).

The following chronology details the post-trial processing of appellant's case:

| Date | Post–Trial Activity | Days Since Previous Activity | Cumulative Days After Sentence Adjudged |
|---|---|---|---|
| 31 Jan. 2001 | Sentence adjudged | n/a | 0 |
| 17 Apr. 2001 | 74–page ROT typed and delivered to trial counsel | 76 | 76 |
| 22 May 2001 | Trial counsel submits errata to ROT | 35 | 111 |
| 23 May 2001 | Trial defense counsel submits errata to ROT | 1 | 112 |
| 15 Jul. 2001 | ROT authentication completed | 53 | 165 |
| 23 Jul. 2001 | SJAR signed | 8 | 173 |
| 23 Jul. 2001 | SJAR served on defense counsel | 0 | 173 |
| 10 Oct. 2001 | Trial defense counsel waives submission of R.C.M. 1105 matters | 79 | 252 |
| 19 Mar. 2002 | Convening authority approves adjudged sentence | 160 | 412 |
| 21 May 2002 | ROT arrived at Army Court of Criminal Appeals | 63 | 475 |

## DISCUSSION

Article 66, UCMJ, requires us "to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial de-

---

3. *See United States v. Pineda*, 54 M.J. 298, 301 (C.A.A.F.2001) ("[W]hen defense counsel does seek a punitive discharge or does concede the appropriateness of such a discharge even as a tactical step to accomplish mitigation of other elements of a possible sentence—counsel must make a record that such advocacy is pursuant to the accused's wishes." (emphasis omitted)).

4. The record does not describe how much confinement appellant actually served, or what "good conduct time" credit or "extra good time" credit appellant earned while incarcerated. *See* Army Reg. 633–30, Apprehensions and Confinement: Military Sentences to Confinement, § III (28 Feb. 1989).

lay." *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F.2002), *sentence modified*, 58 M.J. 714 (C.G.Ct.Crim.App.2003), *certif. of rev. filed*, Dkt. No. 03–5004/CG (C.A.A.F. 2003). "[F]undamental fairness dictates that the government proceed with due diligence to execute a soldier's regulatory and statutory post-trial processing rights and to secure the convening authority's action as expeditiously as possible, given the totality of the circumstances in that soldier's case." *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct.Crim.App.2000). Calling upon service courts "to ensure timely filing" of appeals, our superior court recently stated, "This Court has long recognized that an accused has the right to a timely review of his or her findings and sentence." *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 37 (C.A.A.F.2003). This timeliness requirement includes "review by the convening authority under Article 60, [UCMJ], 10 U.S.C. § 860." *Id.*

■ We are aware that the failure of trial and appellate defense counsel to object to dilatory post-trial processing does not bar our court from granting relief. In *United States v. Finster*, our superior court stated:

The Court of Criminal Appeals may address prejudicial errors on its own motion and is not limited to the matters, if any, discussed in appellee's submission to that court. We note that under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994), the Courts of Criminal Appeals "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Although the Courts of Criminal Appeals in appro-

priate cases may rely on the failure of the accused to identify prejudicial error as a basis for denying relief, it is well established that Article 66(c) establishes an affirmative obligation on those tribunals to review the record and reach their own independent conclusion as to whether the findings and sentence should be affirmed. Nothing in either Article 66(c) or Article 59(a) precludes the Courts of Criminal Appeals from identifying prejudicial error without regard to the nature or quality of an accused's submission on appeal.

*United States v. Finster*, 51 M.J. 185, 188 (C.A.A.F.1999) (citations omitted).

■ We do not find specific or actual prejudice to appellant from the slow post-trial processing of his case. A finding of specific or actual prejudice, however, is not a prerequisite for relief under Article 66, UCMJ. *See Tardif*, 57 M.J. at 224; *Collazo*, 53 M.J. at 727. Sentence relief may be appropriate for "unexplained and unreasonable post-trial delay," notwithstanding the absence of prejudice. *Tardif*, 57 M.J. at 224; *see* UCMJ art. 66(c).

■ While appellant's case had unreasonably slow processing time from the date his sentence was adjudged until initial action,[5] and from initial action until arrival at our court,[6] we decline to grant any relief for dilatory post-trial processing. On 27 July 2000, we published *Collazo*, in which we reduced the accused's confinement due to dilatory post-trial processing, even though there was no specific prejudice. *Collazo*, 53 M.J. at 727. After *Collazo*, all trial and appellate defense counsel were on notice that they could obtain benefits for their clients for slow post-trial processing. Neither appellant nor

5. *See, e.g., United States v. Bauerbach*, 55 M.J. 501, 502, 507 (Army Ct.Crim.App.2001) (reducing 3–month confinement by 1 month where 288–day delay from trial to initial action for a 385–page record); *United States v. Acosta–Rondon*, ARMY 9900458 (Army Ct.Crim.App. 30 Apr. 2001) (unpub.) (per curiam) (reducing 30–day confinement by 10 days where 7–month delay from trial to authentication and 9–month delay from trial to initial action for a 225–page record).

6. *See, e.g., United States v. Harms*, 58 M.J. 515, 516 (Army Ct.Crim.App.2003), *aff'd*, 59 M.J. 146, 147 (C.A.A.F.2003) (reducing a bad-conduct dis-

charge, 30–day confinement, forfeiture of $600 pay per month for one month, and reduction to Private E1 to a bad-conduct discharge where 32–month delay from action to receipt by Army Clerk of Court); *United States v. Nicholson*, ARMY 20010638 (Army Ct.Crim.App. 15 Apr. 2003) (unpub.) (setting aside all approved confinement (95 days) and forfeitures ($695 for 3 months) where 5–month delay from trial to authentication, 363–day delay from trial to action, and 73–day delay from action to receipt by Army Clerk of Court for a 184–page record).

his trial defense counsel, however, requested expedited post-trial processing during the 475 days that elapsed between appellant's trial and arrival of the ROT at our court. In *Tardif,* our superior court stated:

> [W]e note that counsel at the trial level are particularly well-suited to protect the interests of their clients by addressing post-trial delay issues before action by the convening authority. Trial counsel can ensure that the record contains an explanation for what otherwise might appear to be an unreasonable delay. Defense counsel can protect the interests of the accused through complaints to the military judge before authentication or to the convening authority after authentication and before action. After the convening authority's action, extraordinary writs may be appropriate in some circumstances.

*Tardif,* 57 M.J. at 225. We agree with this observation.

Appellant and his counsel missed several opportunities to request expeditious processing of appellant's case at various stages, as follows: (1) transcription and assembly of his ROT; (2) authentication; (3) preparation of the SJAR; and (4) convening authority initial action. *See United States v. Wallace,* 58 M.J. 759, 774–75 (N.M.Ct.Crim.App.2003) (denying relief where 290 days elapsed between trial and initial action, stating, "Appellant's lengthy silence [during post-trial processing] is strong evidence that he suffered no harm and that this is not an appropriate case for this Court to exercise its Article 66(c), UCMJ, authority"); *United States v. Toro Nmn Khamsouk,* 58 M.J. 560, 562 (N.M.Ct.Crim.App.2003) (denying relief where 601 days elapsed between trial and initial action, citing lack of complaint by appellant or his counsel).

Appellant was released from confinement shortly after trial and placed on excess leave. A possible tactical reason for appellant and his counsel not to ask for expeditious post-trial processing, thereby hastening the execution of appellant's discharge, is the continuing availability of military benefits. *See United States v. Jameson,* 2002 WL 31433592, 2002 CCA LEXIS 257, at *5 (N.M.Ct.Crim.App. 25 Oct. 2002). Although appellant was not entitled to pay and allowances while on excess leave,[7] he and his family, if any, were entitled to other important benefits. He and his family presumably retained their military identification cards and were entitled to medical, commissary, and post-exchange benefits to the same degree as other active duty soldiers and family members, up until the point of appellant's discharge. *See United States v. Jameson,* 2002 WL 31433592, 2002 CCA LEXIS 257, at *5. Furthermore, appellant may have had other compelling personal reasons for not wanting expeditious execution of his discharge; this court will not speculate about these reasons, if any.

In the absence of evidence to the contrary, and assuming the competency of trial and appellate defense counsel,[8] we find that appellant and his counsel were aware of the issue of dilatory post-trial processing. We have published ten opinions of the court and thirty-two memorandum opinions[9] discussing this issue. Further, this topic has been emphasized at periodic conferences and training seminars at The Judge Advocate General's Legal Center and School. Accordingly, we conclude that trial and appellate defense counsel effectively waived any right to claim a reduction in appellant's sentence resulting from dilatory post-trial processing by failing to make a timely objection. We hold that appellant's sentence is appropriate and no sentencing relief is warranted.

---

7. *United States v. Paz–Medina,* 56 M.J. 501, 503 n. 6 (Army Ct.Crim.App.2001); *see* Dep't of Def. Fin. Mgmt. Reg., Vol. 7A: Military Pay Policy and Procedures—Active Duty and Reserve Pay, ch. 48, para. 4811, at 48–9 (July 1996) (IC, Feb. 2001), and ch. 26, tbl. 26–5 n.4, at 26–42 (IC 24–03, July 2003), http://www.dod.mil/comptroller/fmr/07a/index.html; Army Reg. 600–8–10, Personnel Absences: Leaves and Passes, tbl. 4–3, Step 4 (31 July 2003).

8. *See United States v. Napoleon,* 46 M.J. 279, 284 (C.A.A.F.1997) (citing *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *United States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987)).

9. Our unpublished opinions are available at https://www.jagcnet.army.mil/ACCA.

## DECISION

The findings of guilty and the sentence are affirmed.

Judge BARTO and Judge SCHENCK concur.