IN THE CASE OF

UNITED STATES, Appellee

v.

Michael E. BODKINS, Private (E-2)
U.S. Army, Appellant

No. 04-0252

Crim. App. No. 20010107

United States Court of Appeals for the Armed Forces

Argued October 12, 2004

Decided November 4, 2004


Counsel

For Appellant: Captain Amy S. Fitzgibbons (argued); Colonel
    Robert D. Teetsel, Lieutenant Colonel Mark Tellitocci, Major
    Allyson G. Lambert and Captain Terri J. Erisman (on brief).


For Appellee: Captain Magdalena A. Przytulska (argued); Colonel
    Steven T. Salata, Lieutenant Colonel Margaret B. Baines and
    Major Theresa A. Gallagher (on brief).




Military Judge: Donna L. Wilkins



**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**.

United States v. Bodkins, No. 04-0252/AR

PER CURIAM:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of two periods of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886.  He was sentenced to a bad-conduct discharge, confinement for two months, forfeiture of $695 pay per month for two months, and reduction to E-1.  The convening authority approved the sentence as adjudged, and the Army Court of Criminal Appeals affirmed in a published opinion.  59 M.J. 634 (A. Ct. Crim. App. 2003).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS
> ABDICATED ITS ARTICLE 66(C) RESPONSIBILITY
> WHEN IT FOUND THAT THE POST-TRIAL PROCESSING
> OF APPELLANT'S CASE WAS UNREASONABLE,
> UNEXPLAINED, AND DILATORY, BUT REFUSED TO
> CONSIDER THIS ERROR IN ANALYZING THE
> APPROPRIATENESS OF APPELLANT'S SENTENCE
> BECAUSE IT RULED THAT THE ERROR WAS WAIVED.

I. BACKGROUND

As noted by the Court of Criminal Appeals, Appellant pled guilty and was sentenced in a court-martial that resulted in a short, seventy-four page record.  59 M.J. at 634-35.  The court-martial proceedings did not produce any legal or factual issues.

2

Id. at 635.  No issues of significance were raised by the staff judge advocate or the defense for consideration by the convening authority.  Id.  Despite the apparently routine nature of the trial proceedings, the post-trial proceedings were marked by substantial delay.  A total of 412 days elapsed from the date the court-martial adjudged the sentence to the date of the convening authority's action on the sentence.

In the course of determining whether the findings and sentence should be approved under Article 66(c), UCMJ, 10 U.S.C. § 866(c), the lower court considered whether relief was warranted as a result of post-trial delay.  See 59 M.J. 635-36 (citing United States v. Tardif, 57 M.J. 219 (C.A.A.F. 2002); United States v. Collazo, 53 M.J. 721 (A. Ct. Crim. App. 2000)).  The court stated:

> Despite unreasonable, unexplained, and
> dilatory post-trial processing, we conclude
> that relief is waived.  Trial defense
> counsel did not request speedy post-trial
> processing.  Neither trial nor appellate
> defense counsel sought any reduction in
> appellant's sentence as a result of the slow
> post-trial processing.  Trial defense
> counsel must make a timely request for
> speedy post-trial processing, if that is
> what appellant desires.

Id. at 634 (footnotes omitted).  The court also noted that Appellant did not request expeditious post-trial processing, and suggested possible reasons for not making such a request:

>       A possible tactical reason for appellant and
>       his counsel not to ask for expeditious post-
>       trial processing, thereby hastening the
>       execution of appellant's discharge, is the
>       continuing availability of military
>       benefits. . . . Although appellant was not
>       entitled to pay and allowances while on
>       excess leave, he and his family, if any,
>       were entitled to other important benefits.
>       He and his family presumably retained their
>       military identification cards and were
>       entitled to medical, commissary, and post-
>       exchange benefits to the same degree as
>       other active duty soldiers and family
>       members, up to the point of appellant's
>       discharge. . . . Furthermore, appellant may
>       have had other compelling personal reasons
>       for not wanting expeditious execution of his
>       discharge; this court will not speculate
>       about these reasons, if any.

Id. at 637 (citations and footnote omitted).


## II. DISCUSSION

The requirement to take post-trial action on the results of a court-martial is vested in a military commander, the convening authority, who performs this function with the assistance of his or her staff judge advocate. Article 60, UCMJ, 10 U.S.C. § 860. The responsibility of the convening authority to complete post-trial processing in a timely fashion is not dependent upon a request to do so from the accused.

A Court of Criminal Appeals must review the record in each case referred to it and "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it

4

finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). In performing its affirmative obligation to consider sentence appropriateness, the court must take into account "all the facts and circumstances reflected in the record, including [any] unexplained and unreasonable post-trial delay." Tardif, 57 M.J. at 224.

In the present case, the court below described the post-trial processing of this case as "unreasonable, unexplained, and dilatory." 59 M.J. at 634. Under these circumstances, the court erred in asserting that the defense was required to ask for timely processing, and that failure to do so waived any right to relief.

Under Tardif, the Courts of Criminal Appeals have broad discretion to grant or deny relief for unreasonable or unexplained delay, and a finding of specific prejudice is not required. 57 M.J. at 224. The court has discretion to take into account the impact -- or lack thereof -- of any delay on the accused. See id. at 225 (noting the authority of the Courts of Criminal Appeals "to tailor an appropriate remedy, if any is warranted, to the circumstances of the case"). In so doing, the court may consider the absence of a defense request for action as one factor among other considerations in assessing the impact of delay in a particular case, but it may not elevate that

factor into the conclusive basis for denying relief by using the mere absence of a request to find waiver.  Cf. United States v. Toohey, 60 M.J. 100, 102-03 (C.A.A.F. 2004) (discussing factors that may be considered by the Courts of Criminal Appeals in exercising their unique powers under Article 66).  See also Article 61(a), 10 U.S.C. § 861(a) (review of the findings and sentence by the Court of Criminal Appeals may be waived only if an express waiver is filed with the convening authority by the accused after trial).

The court also may rely upon continuing eligibility for limited military benefits as a factor in assessing the impact of post-trial delay, but it must do so in a manner that focuses on the circumstances of the particular case.  Because post-trial processing entails continuing eligibility for benefits in all cases, it is not appropriate to rely on the availability of benefits as a basis for denying relief in a particular case without relating it to the circumstances of the accused in that case.  In that regard, we note that the court below speculated as to the possible interest of the accused and his family in continued benefits, 59 M.J. at 637, but the record indicates that the accused did not have any dependents.

Under these circumstances, we cannot be confident that the court below took into account "all the facts and circumstances reflected in the record," Tardif, 57 M.J. at 224, in determining

6

whether relief is warranted for the unreasonable, unexplained, and dilatory post-trial processing in this case.  Accordingly, a remand for further consideration is appropriate.


### III.  CONCLUSION

The decision of the Court of Criminal Appeals is affirmed as to findings and set aside as to sentence.  The record is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for further consideration of whether the sentence should be approved in view of the court's determination on initial review that the post-trial processing of this case was unreasonable, unexplained, and dilatory. Thereafter, Article 67 will apply.