UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 GREGORY L. BENSON
 United States Army, Appellant

 ARMY 20071217

 Headquarters, 19th Sustainment Command (Expeditionary)
 Donna M. Wright, Military Judge
 Lieutenant Colonel Imogene M. Jamison, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley M. Vorhees, JA; Captain Melissa E. Goforth
Koenig, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel
Francis C. Kiley, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish, JA
(on brief).

 23 July 2009

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 A general court-martial composed of a military judge sitting alone
convicted appellant, pursuant to his pleas, of willfully disobeying a
superior commissioned officer (two specifications), violating a lawful
general order (two specifications), and larceny (four specifications), in
violation of Articles 90, 92, and 121, Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. §§ 890, 892, and 921, respectively. The
court sentenced appellant to a bad-conduct discharge, twenty-two months
confinement, and reduction to Private E1. The convening authority reduced
the sentence to confinement to sixteen months and approved the remainder of
the adjudged sentence. The case is before us for review pursuant to
Article 66, UCMJ.

 Appellant raises two issues relating to errors in the post-trial
processing of his case. First, appellant alleges, and the government
acknowledges, that the staff judge advocate’s post-trial recommendation
(SJAR) prepared under Rule for Courts-Martial [hereinafter R.C.M.] 1106 is
missing from the record of trial (ROT). The ROT will be returned for a new
SJAR and action in light of the SJAR’s absence from the ROT and the
requirements of R.C.M. 1103(b)(3)(G).

 Second, appellant alleges excessive post-trial delay in
violation of United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006). Under
Article 66, UCMJ, we must determine what findings and sentence should be
approved based on all the facts and circumstances reflected in the record,
to include unexplained and unreasonable post-trial delay. United States v.
Bodkins, 60 M.J. 322, 324 (C.A.A.F. 2004); United States v. Garman, 59 M.J.
677, 679 (Army Ct. Crim. App. 2003). Unexplained delays in excess of 120
days from adjournment to action by the convening authority are
presumptively unreasonable. Moreno, 63 M.J. at 143. A presumption of
delay also exists when the ROT is not docketed by a service Court of
Criminal Appeals within thirty days of the convening authority’s action.
Id.

 In this case, appellant has not demonstrated prejudice due to
the delay between trial and action; however, when preparing the new SJAR,
the SJA should consider and explain the 156-day delay between action and
receipt of the ROT at the Army Court of Criminal Appeals. We also note
numerous errors in the promulgating order which should be addressed.

 The convening authority’s initial action, dated 14 April 2008, is set
aside. The record of trial is returned to The Judge Advocate General for a
new SJAR and a new action by the same or a different convening authority in
accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court