UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 GREGORY L. BENSON
 United States Army, Appellant

 ARMY 20071217

 Headquarters, 19th Sustainment Command (Expeditionary) (trial)
 Headquarters, United States Army Armor Center and Fort Knox (new action)
 Donna M. Wright, Military Judge
 Lieutenant Colonel Imogene M. Jamison, Staff Judge Advocate (trial)
 Colonel Robert J. Cotell, Staff Judge Advocate (new recommendation and
 action)

For Appellant: Colonel Mark Tellitocci, JA; Captain Shay Stanford, JA;
Captain Brent A. Goodwin, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish, JA (on
brief).

 29 January 2010

 ---------------------------------------------------------------
 SUMMARY DISPOSITION ON FURTHER REVIEW
 ---------------------------------------------------------------

Per Curiam:

 A general court-martial composed of a military judge sitting alone
convicted appellant, pursuant to his pleas, of willfully disobeying a
superior commissioned officer (two specifications), violating a lawful
general order (two specifications), and larceny (four specifications), in
violation of Articles 90, 92, and 121, Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. §§ 890, 892, and 921, respectively. The
court sentenced appellant to a bad-conduct discharge, twenty-two months
confinement, and reduction to Private E1. The convening authority reduced
the sentence to confinement to sixteen months and approved the remainder of
the adjudged sentence.

 When we first received the record to trial pursuant to Article 66,
UCMJ, it was missing the staff judge advocate’s post-trial recommendation
(SJAR) prepared under Rule for Courts-Martial [hereinafter R.C.M.] 1106.
On 23 July 2009, we set aside the convening authority’s initial action,
dated 14 April 2008, and returned the record of trial to The Judge Advocate
General for a new SJAR and a new action by the same or a different
convening authority in accordance with Article 60(c)-(e), UCMJ. The new
convening authority approved the exact same sentence as the original
convening authority.

 DISCUSSION

 Appellant once again alleges excessive post-trial delay in
violation of United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006). Under
Article 66, UCMJ, we must determine what findings and sentence should be
approved based on all the facts and circumstances reflected in the record,
to include unexplained and unreasonable post-trial delay. United States v.
Bodkins, 60 M.J. 322, 324 (C.A.A.F. 2004); United States v. Garman, 59 M.J.
677, 679 (Army Ct. Crim. App. 2003). Unexplained delays in excess of 120
days from adjournment to action by the convening authority are
presumptively unreasonable. Moreno, 63 M.J. at 143. A presumption of
delay also exists when the ROT is not docketed by a service Court of
Criminal Appeals within thirty days of the convening authority’s action.
Id.

 In this case, appellant has not demonstrated prejudice due to
the delay between trial and action; however, the unexplained and
unreasonable 156-day delay between action and receipt of the record of
trial at the Army Court of Criminal Appeals warrants sentence relief. See
United States v. Collazo, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).
Considering the record as a whole and the totality of the circumstances
surrounding appellant’s case, we will grant appellant one month of
confinement relief in our decretal paragraph.

 DECISION

 The findings of guilty are affirmed. After considering the entire
record, including those matters personally raised by appellant, this court
affirms only so much of the sentence as provides for a bad-conduct
discharge, confinement for fifteen months, and reduction to the grade of
Private E1. All rights, privileges, and property, of which appellant has
been deprived by virtue of that portion of his sentence set aside by this
decision, are ordered restored. See UCMJ arts. 58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court