# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant DANIEL P. OPENSHAW
### United States Air Force

## ACM 38049 (recon)

## 1 August 2014

Sentence adjudged 5 October 2011 by GCM convened at Joint Base Lewis-McChord, Washington. Military Judge: Martin T. Mitchell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 13 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Daniel E. Schoeni; Major Bryan A. Bonner; Captain Isaac C. Kennen; and Captain Lauren A. Shure.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Linell A. Letendre; Major Daniel J. Breen; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ALLRED, HARNEY, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant was tried by a military judge sitting as a general court-martial between 4 and 5 October 2011. Consistent with his pleas, the appellant was found guilty of six specifications of wrongful sexual contact upon a child who had not attained the age of 12 years and two specifications of indecent acts upon a female under 16 years of age,

in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The military judge sentenced the appellant to a dishonorable discharge, confinement for 18 years, and reduction to E-1. Consistent with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as called for a dishonorable discharge, 13 years of confinement, and reduction to E-1.[1]

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant argued his sentence was inappropriately severe.

On 28 March 2013, this Court issued a decision denying the appellant relief. *United States v. Openshaw*, ACM 38049 (A.F. Ct. Crim. App. 2013) (unpub. op.). Mr. Soybel was a member of the panel that decided the case. Following Mr. Soybel's appointment by the Secretary of Defense on 25 June 2013, we reconsidered the decision sua sponte and on 18 July 2013 issued a new opinion upon reconsideration. *United States v. Openshaw*, ACM 38049 (recon) (A.F. Ct. Crim. App. 18 July 2013) (unpub. op.). Mr. Soybel was again a member of the panel. On 19 September 2013, the appellant filed a petition for grant of review with our superior court. *United States v. Openshaw*, 73 M.J. 51 No. 14-0051/AF (Daily Journal 19 September 2013). On 31 October 2013, our superior court dismissed the appellant's petition for review without prejudice and converted the appellant's motion to vacate, then pending before this Court, into a motion for reconsideration. *United States v. Openshaw*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the

---

[1] The appellant pled not guilty to one specification of wrongfully committing indecent conduct and two specifications of wrongfully engaging in a sexual act upon a child who had not yet attained 12 years of age, alleged as violations of Article 120, UCMJ, 10 U.S.C. § 920, as well as three specifications of committing an indecent act upon a female under 16 years of age, alleged as violations of Article 134, UCMJ, 10 U.S.C. § 934. Consistent with the terms of the pretrial agreement, these specifications were withdrawn and dismissed with prejudice after arraignment.

legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. In a supplemental assignment of error, the appellant asserts he is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. We affirm the findings and sentence in this matter.

*Sentence Severity*

On appeal, the appellant asserts his sentence is inappropriately severe.[2] He argues his trial defense counsel submitted an extensive sentencing package that included 10 letters from family and friends expressing their confidence in his potential for rehabilitation. He also points to his deployment to Kuwait and his service in Korea during his eight years of military service. The appellant asks this Court to approve no more than eight years of confinement.

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In this case, the appellant clearly violated the standards of conduct expected of any human being, let alone the high standards to which Airmen are held. The record shows that, on multiple occasions over a period of several years, the appellant sexually molested his biological daughter, his adopted daughter, and his stepdaughter. The appellant touched the genitalia of all three daughters through their clothing, touched the naked genitalia and buttocks of his adopted daughter, and touched the naked genitalia of his biological daughter. His biological and adopted daughters were under 12 years of age at the time of the molestations. His stepdaughter was under 16 years of age at the time of the molestations. We also note that the maximum time of confinement in this case was 134 years. The appellant was sentenced to 18 years confinement, but negotiated a

---

[2] The appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

favorable pretrial agreement with the convening authority that capped confinement at 13 years.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. We find that the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id*. at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). However, when a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

This case was first docketed for appeal at this Court on 5 December 2011. After considering the briefs of counsel, this Court rendered its first decision on 28 March 2013, which did not trigger the presumption of unreasonable delay. Upon reconsideration, however, this Court vacated the previous decision and issued its subsequent decision on 18 July 2013—more than 18 months after the case was first docketed for appeal. The overall delay of more than 18 months between the time of docketing and review by the Court, therefore, is facially unreasonable. As stated earlier in this opinion, our superior court recently decided that one of the judges who participated in that decision was not properly appointed, and subsequently the appellant's case remained in the appellate process. Accordingly, we have considered the appellant's case before a properly constituted panel and issue this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore the *Moreno* presumption of unreasonable delay is not triggered for this period of time.

We analyze the *Barker* factors for the delay leading up to our 18 July 2013 decision. The first factor weighs in favor of the appellant; the length of the delay between docketing and our decision is presumptively unreasonable and therefore satisfies the first *Barker* factor. *See Moreno*, 63 M.J. at 142. The second factor also weighs in the appellant's favor, although minimally. Our original opinion was issued within the 18-month *Moreno* standard but was subsequently vacated by our 18 July 2013 reconsideration decision. That reconsideration was accomplished in order to have the appellant's case heard before what was then thought to be a properly constituted panel after the Secretary of Defense's appointment of Mr. Soybel. Third, although the Government carries the primary responsibility for speedy post-trial processing, *see United States v. Bodkins*, 60 M.J. 322, 323–24 (C.A.A.F. 2004), the appellant did not assert his right to speedy post-trial processing until 19 May 2014, in his supplemental assignment of error. His 9 October 2013 submission to our superior court did not include a demand for speedy appellate review. Finally, on the fourth factor, the appellant fails to demonstrate any prejudice in this case. "An appellant must demonstrate a particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Arriaga*, 70 M.J. at 58 (internal quotation marks and citations omitted). Here, the appellant has not done so.

When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 361–62 (C.A.A.F. 2006).

Having considered the totality of the circumstances and the entire record, when we balance the other three factors we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

While we find the post-trial delay was harmless, that does not end our analysis. Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing in any stage of the appellate review of this matter. The reason for

the delay between 18 July 2013 and our opinion today was to allow this Court and our superior court to fully consider a constitutional issue of first impression: whether the Secretary of Defense has the authority under the Appointments Clause[3] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

## *Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.

Senior Judge HARNEY participated in this decision prior to her retirement.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[3] U.S. CONST. art II § 2, cl 2.