**** CORRECTED COPY – DESTROY ALL OTHERS ****

# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Master Sergeant JESSE R. WAITE
## United States Air Force

## ACM 38357 (f rev)

## 27 March 2015

Sentence adjudged 7 December 2012 by GCM convened at Edwards Air Force Base, California. Military Judge: W. Shane Cohen (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 15 years, reduction to E-4, and a reprimand.

Appellate Counsel for the Appellant: Major Christopher D. James and Frank J. Spinner, Esquire.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

At a general court-martial, a military judge convicted the appellant, contrary to his pleas, of attempted carnal knowledge with a child under 12 years of age,[1] aggravated

---

[1] The offense occurred between 1 February and 30 September 2007, in violation of the punitive articles applicable to sexual offenses committed prior to 1 October 2007. *See Manual for Courts-Martial, United States* (*MCM*), app. 27 (2012 ed.).

sexual assault of a child between 12 and 16 years of age,[2] aggravated sexual abuse of a child on divers occasions,[3] taking indecent liberties with a child on divers occasions,[4] two specifications of abusive sexual contact with a child,[5] and indecent acts with a child.[6] The offenses of which the appellant was convicted represent violations of Articles 80, 120, and 134, UCMJ, 10 U.S.C. §§ 880, 920, 934. The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 15 years, reduction to E-4, and a reprimand.

In an earlier opinion, we concluded that the appellant was entitled to new post-trial processing due to errors in the staff judge advocate recommendation, an omission of a document provided by the appellant in clemency, and the need for a corrected action. *United States v. Waite*, ACM 38357 (A.F. Ct. Crim. App. 12 November 2014) (unpub. op.). Those errors were corrected. We now examine the appellant's remaining alleged errors. The appellant challenges the legal and factual sufficiency of his conviction and the post-trial delay. We disagree that there are any errors and affirm the approved findings and sentence.

*Background*

The appellant's convictions arose out of his sexual abuse of his daughter. His daughter testified as to the abuse that occurred. She and two Air Force Office of Special Investigations agents also testified about a pretext phone call between her and her father. During the phone call, she told her father that she was concerned she had a sexually transmitted disease. He responded by saying that he did not have one. He also discouraged his 13-year-old daughter from seeking medical treatment even though she told him it hurt when she urinated, she had a yellow discharge, and her mouth also hurt. A child abuse pediatrician testified that during his examination of the victim he observed a deep cleft in her hymen which was consistent with a penetrating injury. The appellant testified and denied all of the allegations.

*Legal and Factual Sufficiency*

The appellant challenges the legal and factual sufficiency of his convictions. He argues that his daughter had a motive to lie and her testimony contained inconsistencies.

---

[2] The offense occurred between 18 September 2009 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *See MCM*, app. 28.

[3] The offenses occurred between 1 October 2007 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*

[4] The offenses occurred between 1 October 2007 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*

[5] The offenses occurred between 1 September and on or about 30 November 2010, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*

[6] The offense occurred between 1 February 2007 and 30 September 2007, in violation of the punitive articles applicable to sexual offenses committed prior to 1 October 2007. *See MCM*, app. 27.

He also argues that his testimony is more compelling especially in light of the affidavits regarding his character for truthfulness.

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987)) (internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325, *quoted in United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

Having evaluated the entire record of trial, we are convinced of the legal and factual sufficiency of the appellant's convictions. The victim's testimony regarding the offenses when viewed in the light most favorable to the prosecution establishes each element of each offense and therefore is legally sufficient. Having personally reviewed the entire record of trial, to include the testimony of all the witnesses and all the admitted exhibits, we ourselves are personally convinced of the appellant's guilt. The appellant's conviction on all charges and specifications is both legally and factually sufficient.[7]

*Post-trial Processing*

The appellant's court-martial concluded on 7 December 2012, and the convening authority took action 159 days later on 15 May 2013. The appellant argues that under *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), this violated his right to speedy appellate review. We disagree.

---

[7] The military judge granted motions to dismiss specifications due to the statute of limitations, multiplicity, and unreasonable multiplication of charges as well as a Rule for Courts-Martial 917 motion. Several specifications were also modified. We commend the military judge, in this judge alone court-martial, for having a flyer prepared that clearly stated the remaining charges and specifications and their renumbering.

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). The overall delay of more than 120 days between adjournment and action is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), adopted in *Moreno*, 63 M.J. at 135. Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005) (citing *Barker*, 407 U.S. at 530).

The first factor weighs in favor of the appellant; the length of the delay is presumptively unreasonable and therefore satisfies the first *Barker* factor. *See Moreno*, 63 M.J. at 142. The second factor weighs minimally in favor of the appellant. The record of trial was sent to the appellant and his trial defense counsel on 26 March 2013. The staff judge advocate's recommendation was served on his trial defense counsel on 28 March 2013, and the appellant signed a receipt for it on 26 April 2013. The appellant submitted his initial clemency request on 6 May 2013. The record of trial consisted of 1,017 pages of transcript, 600 pages of exhibits, and 300 pages of allied papers. However, we are mindful of our superior court's emphasis that the 120-day period after the conclusion of trial is not a "free" period, and "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). Third, although the Government carries the burden of primary responsibility for speedy post-trial processing, *United States v. Bodkins*, 60 M.J. 322, 323–24 (C.A.A.F. 2004), the appellant did not assert his right to speedy post-trial processing until now on appeal, never asserting this right during the time of this initial delay. Finally, on the fourth factor, the appellant fails to articulate any prejudice in this case, other than a concern his confinement might have been oppressive upon a successful appeal. "An appellant must demonstrate a 'particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision.'" *Arriaga*, 70 M.J. at 58 (quoting *Moreno*, 63 M.J. at 140). Here, the appellant has not done so.

When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case is not so egregious as to adversely affect the public's perception of fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

We also examine the time from the initial docketing of this case with our court and this opinion. When appellate review is not completed and a decision is not rendered within 18 months after docketing with the court, there is a presumption of unreasonable delay. *Moreno*, 63 M.J. at 142. The time from docketing the case on 4 June 2013 to the date of our initial decision on 12 November 2014 was less than 18 months. However, the *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 136 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard and there is no malicious delay. *Id.*; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). Next, we apply the same reasoning to conclude that if each period of time after the initial decision by this court and required corrective events do not exceed *Moreno* standards, then there is no presumption of unreasonable delay. After our 12 November 2014 opinion, a corrected staff judge advocate recommendation was issued on 1 December 2014. The appellant submitted a clemency response on 6 January 2015. The staff judge advocate issued an addendum on 5 February 2015, and the convening authority signed the action that same day. The case was again docketed with our court on 10 February 2015. We find that none of these time periods exceeds *Moreno* standards. Furthermore, we find there was no malicious delay. We conclude there is no presumption of unreasonable delay.

While we find the post-trial delay was harmless, that does not end our analysis. Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We have addressed several of these factors above in our *Moreno* analysis; we find there was no bad faith or gross negligence in the post-trial processing, and the length of delay was minimal. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ.

ACM 38357 (f rev)

[Type text]

Accordingly, the findings and sentence are

AFFIRMED.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist