UNITED STATES, Appellee,

v.

Mark A. ROBINSON, Lance Corporal
U.S. Marine Corps, Appellant.

No. 54,876.

NMCM 85 3806.

U.S. Court of Military Appeals.

Sept. 23, 1987.

For Appellant: *Lieutenant Anthony D. Dokurno, JAGC, USNR* (argued); *Commander Frederick N. Ottie, JAGC, USN* and *Lieutenant Susan R. Cornell, JAGC, USNR* (on brief).

For Appellee: *Lieutenant Scott A. Hagen, JAGC, USNR* (argued); *Commander Michael P. Green, JAGC, USN* and *Lieutenant Aaron Santa Anna, JAGC, USNR* (on brief); *Captain Wendell A. Kjos, JAGC, USN* and *Captain Carl H. Horst, JAGC, USN.*

## OPINION OF THE COURT

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of a military judge alone at Marine Corps Air Station, New River, Jacksonville, North Carolina, on July 17, 1985. Pursuant to his pleas, he was found guilty of one specification of unauthorized absence for about 11 months, five specifications of making and uttering bad checks, and thirteen specifications of obtaining telephone service through false pretenses, in violation of Articles 86, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 923a, and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 18 months, forfeiture of $400.00 pay per month for 18 months, and reduction to the lowest enlisted grade. The convening authority approved, and the Court of Military Review affirmed, these results.

This Court granted the following two issues for review:

### I

WHETHER TRIAL DEFENSE COUNSEL'S ARGUMENT ON SENTENCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

### II

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO SEEK CLAR-

IFICATION OF THE INCONSISTENCIES BETWEEN APPELLANT'S SWORN STATEMENT AND DEFENSE COUNSEL'S ARGUMENT FOR A DISCHARGE.

We hold that such an argument, although erroneous, did not constitute ineffective assistance of counsel, and the military judge did not err in failing to seek clarification of these purported inconsistencies.

Appellant in his brief summarizes the facts concerning these issues as follows:

> During the presentencing portion of the court-martial, trial defense counsel called two of appellant's noncommissioned officers as witnesses. Both testified that appellant was a good Marine, that he had a positive attitude, and that they would be happy to have him work for them again. Trial defense counsel also called appellant to make a sworn statement. Appellant expressed remorse for his actions and specifically requested retention in the United States Marine Corps. Further evidence in extenuation and mitigation included two meritorious masts and a certificate of achievement. Evidence in aggravation included one prior nonjudicial punishment and civilian conviction for possession of a firearm without a permit. During his argument on sentence, trial defense counsel argued for another chance for appellant, but concluded his argument by stating:
>
> > The defense is asking the court to give this Marine a suspended discharge for whatever time the court believes is appropriate. This sentence would not only benefit Lance Corporal ROBINSON, but would also benefit the Marine Corps. It would teach Lance Corporal ROBINSON and other Marines that these offenses are serious and they will be dealt with harshly by the Marine Corps. However, it would also allow Lance Corporal ROBINSON to become a productive Marine and a productive citizen

if he chooses to return to the civilian world.

(Emphasis added.) At the close of defense counsel's argument, the military judge did not attempt to resolve any discrepancies between the argument and appellant's sworn statement, nor did he inform counsel that the court did not have the authority to suspend a sentence. (Record and exhibit references omitted.)

Defense counsel's argument in this case was erroneous in light of the decision of this Court in *United States v. Webb*, 5 M.J. 406 (C.M.A.1978). We presume that today a military judge would be aware of this decision and would construe defense counsel's argument in a reasonable fashion. *See generally United States v. Volmar*, 15 M.J. 339 (C.M.A.1983); *cf. United States v. Titsworth*, 13 M.J. 147 (C.M.A.1982). In any event, despite appellant's broad reading of *United States v. McNally*, 16 M.J. 32 (C.M.A.1983), we hold such error must be tested for a fair risk of prejudice. *United States v. Webb, supra* at 407; *see generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In view of the sheer number of appellant's offenses (19), their variety, the extended length of his absence, and his past disciplinary record, we find no risk of prejudice with respect to the award of a punitive discharge.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring):

Reluctantly I concur in affirming the decision of the Court of Military Review. As appears from the sentencing argument of the defense counsel at trial and as was confirmed by his affidavit,* he was at the time under a misapprehension that a military judge could suspend a punitive discharge. In my view, a defense attorney in a criminal case cannot render effective as-

---

* The affidavit was filed on appeal by the Government; and I applaud the candor of appellate government counsel in placing all relevant facts before this Court.

sistance to his client, unless he knows the full array of alternatives available to the sentencing authority. *See United States v. Hannan,* 17 M.J. 115, 122 (C.M.A.1984). Certainly, an argument for leniency cannot be effective if the defense counsel is seeking relief which the court cannot grant. Moreover, in seeking unavailable relief, counsel may fail to suggest a realistic sentencing alternative.

Nonetheless, when I consider the present record of trial and the sentence adjudged, I am convinced beyond a reasonable doubt that the failure of defense counsel and the indifference thereto of the military judge did not prejudice appellant.