SULLIVAN, Judge
(dissenting):
I agree with Judge Effron and Judge Baker that error occurred in this case when the military judge failed to inquire whether appellant approved defense counsel’s argument for a punitive discharge. Accordingly, I dissent from the lead opinion’s suggestion that *431 United States v. Pineda, 54 MJ 298 (2001), may not have been violated in this case.
Turning to the question of harmlessness, again I must disagree with the lead opinion. United States v. Volmar, 15 MJ 339 (CMA 1983), technically is a no-error case, not a harmless-error case. I also disagree with Judge Baker’s separate opinion on harmless error, in particular his assertion that the results of Airman Miller’s case are not relevant on this question.
The inquiry for prejudice under United States v. Pineda, supra at 301, is .whether the facts of a given case compel a conclusion that a bad-conduct discharge was reasonably likely. Unlike Pineda, this was a trial before members, and appellant did not implicitly concede that a punitive discharge was reasonably certain. Moreover, his youth, the brevity of his military career, and the bizarre circumstances of his case suggest that a forceful plea for clemency might have been successful. See United States v. Dresen, 40 MJ 462, 465 (CMA 1994).
Finally, as indicated in the lead opinion, appellant’s co-accused was the principal actor in the armed robbery, i.e., the man who held the knife to the throat of the victim. The undisputed fact that he did not receive a punitive discharge for the same or similar offenses as appellant seriously undermines a conclusion that a punitive discharge was reasonably likely in appellant’s case. Id. (See appellant’s clemency submission dated November 23, 1998.)