EFFRON, Judge
(dissenting):
If the issue in this case asked whether the Court of Criminal Appeals could approve appellant’s sentence under the sentence appropriateness standards of Article 66, UCMJ, 10 USC § 866,1 would affirm. The issue, however, is whether defense counsel’s improper sentencing argument constituted prejudicial error under Article 59(a), UCMJ, 10 USC § 859(a). I respectfully disagree with the lead opinion’s conclusion that any error in the defense counsel’s closing argument was harmless.
The lead opinion asserts that “[i]n every case, we ask counsel to determine the odds of what might happen as to the findings or sentence and to structure their arguments based on these probabilities,” 55 MJ at 428, citing United States v. Fluellen, 40 MJ 96, 98 (CMA 1994). Our ease law does not obligate defense counsel to make such a calculation. We have held, however, that the decision to concede the appropriateness of a discharge is a matter reserved to the accused, not defense counsel. If counsel concedes the appropriateness of a punitive discharge, “even as a tactical step to accomplish mitigation of other elements of a possible sentence — counsel must make a record that such advocacy is pursuant to the accused’s wishes.” United States v. Pineda, 54 MJ 298, 301 (2001) (emphasis omitted).
In this case, there is a clear record that appellant desired to remain in service, as reflected in counsel’s request for the military judge to instruct the member’s on that point, as well as the testimony from appellant’s uncle. The record does not demonstrate, however, that appellant consented to counsel’s argument — that if the members “must choose between confinement and a bad-conduct discharge, give him the punitive discharge.” The court below asserted that counsel’s comments “were merely a realistic recognition that either confinement or discharge, perhaps both, were likely punishments for his client’s offense ... [and that the] request for discharge in lieu of confinement merely asked for the one that would be easier for his client to endure.” Unpub. op. at 5. The conclusion that the denial of benefits and permanent stain of a punitive discharge would be “easier to endure” than confinement represents the views of the court below, not appellant.
The record does not indicate appellant informed his counsel that he would more easily endure a punitive discharge. The record contains nothing from trial defense counsel that would support the lead opinion’s speculation that appellant made any such communication “in the privacy of defense counsel’s office” prior to trial. 55 MJ at 428.
The lead opinion concludes that any error was harmless, relying upon the nature of the offense and the fact that appellant faced a *432 maximum of a dishonorable discharge and 10 years’ confinement. As the opinion acknowledges, however, the prosecution only recommended 12 months’ confinement, and the sentence imposed by the members did not include any confinement.
The members’ decision to adjudge no confinement may well reflect a number of favorable sentencing factors, including appellant’s young age — 18 years at the time of the offense — the victim’s unsavory business, the victim’s prior conviction for child pornography, and the fact that the knife was held by appellant’s co-actor, Airman Miller. It is also noteworthy that Airman Miller’s sentence did not include a discharge, and included only a brief 45-day period of confinement and partial forfeitures.
The issue in this case is not whether appellant’s sentence was appropriate, but whether there was a reasonable possibility that appellant might have received a different sentence, such as the relatively brief period of confinement without a discharge adjudged in Airman Miller’s case. Given the nature of the sentencing information, the absence of confinement imposed upon appellant, and the relatively light sentence imposed on his co-actor, we cannot say with fair assurance that appellant would have received a punitive discharge had his counsel not urged the members to choose a discharge over confinement. The military judge erred by failing to ensure that the counsel’s argument represented appellant’s wishes, and the error was prejudicial.