CRAWFORD, Judge
(concurring in the result):
This case is distinguishable from United States v. Robbins, 61 M.J. 60 (C.A.A.F.2005), and United States v. Pineda, 54 M.J. 298 (C.A.A.F.2001). In this case, the staff judge advocate recommended the sentence “as adjudged be approved and executed, except for that portion extending to a Bad Conduct Discharge, which cannot be executed until the completion of the appellate review.” The convening authority then signed an action that approved the sentence “except for that part of the sentence extending to a bad conduct discharge.” Missing from the end of this sentence are the words “will be executed.” See Manual for Courts-Martial, United States, Forms for Action app. 16 at A16-2 (2005 ed.).
There were two pretrial agreements in this ease. First, the convening authority accepted a plea of guilty to the following: false official statement, introduction of cocaine onto a military installation, wrongful use of cocaine, and larceny. However, because of additional misconduct by Appellant, the convening authority withdrew from this agreement on October 8,2003.
Pursuant to a second pretrial agreement on March 16, 2004, Appellant was convicted at a special court-martial for the making of a false official statement, introduction of cocaine onto a military installation, wrongful use of cocaine (two specifications), and solicitation of another to use cocaine. Under this second pretrial agreement, the convening authority also agreed to withdraw and dismiss several additional charges.
Appellant’s ease was submitted to the Navy-Marine Court of Criminal Appeals without the assignment of any errors. After his case was affirmed by that court in an unpublished opinion, it was then submitted to this Court with no assignments of error. This Court specified the issue set forth in the majority opinion.
Several factors lead one to the common sense conclusion that there was an administrative oversight in the convening authority’s action that was not consistent with the intent of the convening authority. The fact that neither Appellant nor his counsel raised this issue before the Court of Criminal Appeals or this Court is evidence that they understood what sentence was approved. Further, the serious nature of the offenses to which Appellant pleaded guilty would warrant the imposition of a punitive discharge. Unlike Robbins and Pineda, the intent of the parties and Appellant’s understanding of his approved sentence are clear from the second pretrial agreement and the recommendation of the staff judge advocate, as well as from the surrounding circumstances of the case itself. Thus, I would affirm the court below, but because of the two opinions—one by *28 Chief Judge Gierke and one by Judge Erd-mann, resulting in a 2-2 split, I concur in the result and agree with the Chief Judge to allow the convening authority to clarify the action in this ease.