UNITED STATES, Appellee

v.

Bernard D. BURT, Senior Airman
U.S. Air Force, Appellant

No. 01-0351

Crim. App. No. 33429

United States Court of Appeals for the Armed Forces

Argued October 24, 2001

Decided January 24, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which EFFRON and BAKER, JJ., and SULLIVAN, S.J., joined. GIERKE, J., filed an opinion concurring in part and in the result.

<u>Counsel</u>

For Appellant: <u>Captain Kyle R. Jacobson</u> (argued); <u>Lieutenant Colonel Beverly B. Knott</u> and <u>Lieutenant Colonel Timothy W. Murphy</u> (on brief); <u>Colonel James R. Wise</u>.

For Appellee: <u>Major Eric D. Placke</u> (argued); <u>Colonel Anthony P. Dattilo</u>, <u>Major Lance B. Sigmon</u>, and <u>Captain Matthew J. Mulbarger</u> (on brief).

Military Judge: William M. Burd

<u>**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**</u>.

United States v. Burt, No. 01-0351/AF

Chief Judge CRAWFORD delivered the opinion of the Court.

In May 1998, contrary to his pleas, appellant was convicted by officer and enlisted members of failing to obey a lawful order to report for random urinalysis testing, failing to obey a no-contact order, wrongful use of marihuana, assault consummated by a battery, and adultery, in violation of Articles 92, 112a, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 912a, 928, and 934. At the time of this court-martial, appellant had 255 months of active service with the United States Air Force and was otherwise retirement eligible. The convening authority approved a sentence of a bad-conduct discharge, confinement for two years, and reduction to the lowest enlisted grade. Pursuant to Article 58b, UCMJ, 10 USC § 858b, the convening authority waived automatic forfeitures for the benefit of appellant's wife and dependent children. The Air Force Court of Criminal Appeals affirmed the findings and sentence. 54 MJ 687 (2001).

Appellant now claims that he received ineffective assistance of counsel during his sentencing proceedings.[1] We review claims of ineffective representation de novo. United

---

[1] The Court granted the following Issue:

WHETHER APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL FOR SENTENCING WHEN HIS COUNSEL REQUESTED THAT THE MILITARY JUDGE NOT INSTRUCT THE MEMBERS REGARDING THE IMPACT OF A PUNITIVE DISCHARGE ON RETIREMENT BENEFITS AND THEN ARGUED TO THE COURT MEMBERS THAT, REGARDLESS OF WHAT SENTENCE THEY IMPOSED, APPELLANT WOULD STILL RETIRE "IN THE NEXT THIRTY DAYS."

2

States v. Lee, 52 MJ 51, 52 (1999).  For the reasons contained herein, we affirm the decision of the Court of Criminal Appeals.

This was appellant's second court-martial.  In May 1997, appellant was convicted by a general court-martial of wrongful use of both marijuana and cocaine, and was sentenced, inter alia, to a reduction from Master Sergeant to Senior Airman (E-4).

Sentencing proceedings during the court-martial now under review were brief.  The Government introduced over fifty pages of documents that fairly captured appellant's career in the Air Force.  Included in this documentation were his enlisted performance reports for approximately twenty years of service and a personnel data sheet reflecting four previous honorable discharges, foreign service in Italy and the United Kingdom, his awards and decorations, and the fact that he was married with three dependents.  The Government presented no witnesses in aggravation.

The defense's case consisted of eleven exhibits and appellant's unsworn testimony.  Among these exhibits were over fifty pages of letters and certificates of appreciation, statements of good character from both senior civilians and enlisted members, and a note from appellant's wife asking the convening authority to consider her and the children because they depended on appellant's support for fifty percent of their livelihood.

While addressing the court members, appellant thanked them for their time and consideration in reaching the verdict; talked about his life before the Air Force; spoke about his time in the Air Force and some of the highlights of his twenty-one-year career; explained how his marriage failed as early as 1992, but that he and his wife, while separated, continued to be married so that she and the children would have some support; expressed regret for his relationship with the woman that he assaulted, as well as with whom he committed adultery; expressed remorse for his conduct; and asked the members to consider not only his service record, but also his family's need for continued financial support when sentencing him.

Prior to instructing the members on sentencing, the military judge ascertained that appellant was retirement eligible. At that time, the following colloquy occurred between the military judge and defense counsel:

> MJ: There is an optional instruction that may be appropriate. Let me read this to you.
>
> If a punitive discharge is adjudged, if approved and ordered executed, the accused will lose all retirement benefits. However, regardless of the sentence of this court, even if a punitive discharge is adjudged, the Secretary of the Air Force or his designee may instead allow the accused to retire from the Air Force.
>
> Does either side request that instruction?
>
> DC: Your Honor, we would not like that instruction.
>
> MJ: Should I interpret that as an objection?

DC:   Yes, Your Honor

After the Court of Criminal Appeals rendered its decision in this case, Captain Hecker, one of appellant's trial defense counsel, provided a declaration explaining that the trial defense team rejected the military judge's proposed instruction because a part of the instruction "could make the members believe that such Secretarial clemency action was routinely given.  Instead..., we decided that we could argue that the punitive discharge would result in the loss of retirement benefits for SrA Burt, since that was an accurate statement of the law."  With the benefit of hindsight, counsel now argues that the decision to reject the military judge's instruction was error, in light of civilian defense counsel's "convoluted and ineffective argument" that contained "false and inflammatory comment."

During his sentencing argument, trial counsel fairly and forcefully noted that appellant now had two general court-martial convictions within one year.  While alluding to the fact that appellant probably deserved a dishonorable discharge, trial counsel told the members that "a bad-conduct discharge [will get] the point across."  Trial counsel addressed the retirement issue, arguing that appellant was given a chance after his first court-martial conviction to earn his retirement and support the family about whom he professed to care.  Instead, appellant forfeited that opportunity to earn a retirement pension while

engaging in further serious misconduct, to include continuing to use marijuana.

In response, civilian defense counsel emphasized that appellant had over twenty years of honorable service with four honorable discharges, and that the members needed to consider the "whole person" when fashioning a sentence. Contrary to appellant's contention, civilian defense counsel's argument was focused and demonstrated a trial strategy. In particular, counsel emphasized that jail would "accomplish nothing." With two federal convictions and a military background in the areas of security and intelligence, appellant essentially had non-employable skills and would need to start anew in the labor force. Counsel emphasized that his client was forty-one years old and needed counseling, but not imprisonment.

The gravamen of appellant's argument revolves around civilian counsel's statement concerning appellant's retirement.[2] When arguing that appellant was not a threat to society and that imprisonment would serve no rehabilitating purpose, counsel said: "If you give him a letter of reprimand, he's still going to retire here in the next 30 days." Counsel continued that theme later: "A punitive discharge is really not going to accomplish much. It might make everyone feel better and boy, we

---

[2] In the words of CPT Hecker: "[T]he sentencing argument given by Mr. Buckingham [civilian defense counsel] was horrendous and caused great prejudice to SrA Burt."

sure showed him, but he's going to be gone.  He's going to be a memory."

In rebuttal to defense counsel's argument, trial counsel pointed out:

> There is no evidence of when he is leaving the service.  We heard oh, in 30 days.  Where did that number come from?  You've already heard from the military judge that the only evidence you hear in the courtroom comes from witnesses and documents.  Where did that come from?  Argument.

When invited by the military judge to respond, civilian defense counsel said: "[K]eep in mind that a punitive discharge is not necessary to ensure that he doesn't remain on active duty."  After trial counsel objected, and the military judge overruled the objection, defense counsel continued: "Regardless, a punitive discharge is going to be another black mark on his record, and he is going to have to overcome that.  That just puts more and more obstacles in front of him.  Yeah, you could easily conclude that that's appropriate.  Put as many obstacles out there for the rest of his life as needed.  But again, go back to that whole man, the whole career."

In reviewing claims of ineffective assistance of counsel de novo, we begin our analysis with Strickland v. Washington, 466 U.S. 668 (1984).  There, the Supreme Court set out a two-prong test:  "First, the defendant must show that counsel's performance was deficient....  Second, the defendant must show that the deficient performance prejudiced the defense."  Id. at

687. Testing defense counsel's performance by asking the three questions posed in the United States v. Polk, 32 MJ 150, 153 (CMA 1991), we conclude that appellant has failed to overcome counsel's presumed competence and to show any specific area where trial defense counsel's performance was deficient under prevailing professional norms. See United States v. Cronic, 466 U.S. 648 (1984); United States v. Scott, 24 MJ 186 (CMA 1987).

"Defense counsel is an advocate for the accused, not an amicus to the court." United States v. Volmar, 15 MJ 339, 340 (CMA 1983), citing Ellis v. United States, 356 U.S. 674 (1958). To be an effective advocate, trial defense counsel is required to discuss with an accused the various components of a military sentence, i.e., confinement, discharge, reduction in rank, and forfeitures, and after such counseling and in accordance with his client's wishes, zealously represent his or her client. See United States v. Pineda, 54 MJ 298 (2001); cf. New York v. Hill, 528 U.S. 110, 114-15 (2000)(client bound by counsel's tactical choices).

It is well settled that a punitive discharge from a component of the armed forces is severe punishment. See United States v. McNally, 16 MJ 32, 33 (CMA 1983). The impact of a punitive discharge increases after the servicemember becomes retirement eligible, as in the case at bar. See United States v. Boyd, 55 MJ 217, 220 (2001). Counsel errs by conceding the appropriateness of a punitive discharge when an accused wishes

United States v. Burt, No. 01-0351/AF

to remain in the service or otherwise avoid such a separation. See United States v. Robinson, 25 MJ 43 (CMA 1987); United States v. Webb, 5 MJ 406 (CMA 1978); United States v. Holcomb, 20 USCMA 309, 43 CMR 149 (1971).

While it is clear appellant did not wish to receive a punitive discharge, thereby hoping to save his retirement pay, the defense counsel's argument neither conceded the appropriateness of a discharge nor "convey[ed] to the members that appellant's retirement was untouchable and any action the members took would have no effect." Defense Brief at 7. To the contrary, civilian defense counsel's argument focused on appellant's first twenty years of unblemished service to the nation and asked the members to consider the whole man when judging an appropriate sentence. In other words, defense counsel's tactic was to show that appellant had legitimately earned his retirement through twenty years of faithful, honorable service, and it was only after appellant's retirement vested that he "went bad."

Contrary to appellate defense counsel's stance, there was no concession in civilian trial defense counsel's argument that his client had no rehabilitative potential. His point to the court members was that the realities of the situation dictated that the Air Force would somehow remove appellant from active duty in light of his retirement eligibility and two court-martial convictions within a twelve-month period. Effective

advocacy requires an astute, reflective evaluation of a set of circumstances with rational, tactical trial choices flowing therefrom.

Finally, defense counsel's tactical decision to reject the proposed instruction concerning loss of retirement benefits represented a logical choice not to let the members off the proverbial hook. In the absence of that instruction, the court members were forced to come to grips with the hard decision of whether to impose a punitive discharge and strip appellant of his retirement pay and benefits without being told (and perhaps reassured) that the Secretary of the Air Force could override their sentence and allow appellant to retire and receive the fruits of that retirement. Thus, we find no error in trial defense counsel's representation of appellant.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

**United States v. Burt, No. 01-0351/AF**

GIERKE, Judge (concurring in part and in the result):

In my view, it is unnecessary to decide whether civilian defense counsel's performance was deficient under Strickland v. Washington, 466 U.S. 668 (1984), because appellant was not prejudiced.  Appellant had a previous conviction by general court-martial for wrongful use of marijuana and wrongful use of cocaine.  He was convicted in this case, only nine months after his previous court-martial, of wrongful use of marijuana, two specifications of disobedience of orders, assault consummated by a battery, and adultery.  With this record, there was no reasonable likelihood that appellant's sentence would not have included a punitive discharge.  Accordingly, I agree with the majority that a sentence rehearing is not required.  See United States v. Pineda, 54 MJ 298, 301 (2001) (sentence rehearing unnecessary "where the facts of a given case compel a conclusion that a bad-conduct discharge was reasonably likely").