# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRANDON S. WILSON**
**United States Army, Appellant**

ARMY 20140914

Headquarters, U.S. Army Special Operations Command
Kirsten V. Brunson, Military Judge (arraignment)
Gary A. Loxley, Military Judge (trial)
Colonel Nicholas F. Lancaster, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Lieutenant Colonel Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief).

19 September 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FEBBO, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave, violating a lawful general order, selling military property without proper authority (nine specifications), wrongful use of a controlled substance (two specifications), and wrongful appropriation of government property, in violation of Articles 86, 92, 108, 112a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 908, 912a, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, forfeiture of $820.00 pay per month for twelve months, and reduction to the grade of E-1. In accordance with the pretrial agreement, the convening authority approved only eight months of confinement but otherwise approved the sentence as adjudged. The convening authority credited appellant with ninety-three days of pretrial confinement credit and one day of illegal pretrial punishment (Article 13, UCMJ) credit.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief. We find the issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), to be without merit.

## BACKGROUND

While assigned to U.S. Army Special Operations Command, Fort Bragg, North Carolina, appellant received non-judicial punishment under Article 15, UCMJ [hereinafter Article 15] for wrongful use of marijuana and was reduced from Sergeant (E-5) to Specialist (E-4). According to appellant, the reduction to E-4 and loss of a second job due to extra duty punishment caused a financial strain on his family (spouse and two pre-school children). In order to off-set the financial strain, appellant sold military property including cameras, lens, and a "Go Pro" camera to pawn shops and retailers around Fayetteville, North Carolina.

The military judge accepted appellant's guilty plea on 25 November 2014. The defense presentencing witnesses included appellant's spouse and father-in-law. Since they had two young children, the spouse testified that she was not able to work without appellant, and they had unpaid bills. Appellant's father-in law testified that his daughter was lost without appellant, they had financial issues, and his daughter and children struggled without having appellant present. Appellant made an unsworn statement at his presentencing hearing. Appellant claimed he would do anything to get his life back together—to include working two or three jobs. He asked the court to allow him to get back to his family to support them.

The trial counsel during argument asked for the maximum sentence that could be imposed by the special court-martial. The defense counsel argued in response, "He knows he needs to be punished. But he asks that you allow him to go – to be home by Christmas and give him no worse than a bad-conduct discharge (BCD)." Defense counsel stated appellant had been away from his family for around ninety days, and his family was feeling the financial and emotional effects. Defense counsel closed argument by again requesting that the court sentence him to "no more than a BCD and allow him to be home by Christmas [25 December 2014]."

After announcing the sentence, the military judge explained that he considered all the offenses that the appellant was found guilty of and sentenced him to the "maximum limitation of this court-martial." From the maximum possible confinement of twelve months, the military judge gave appellant thirty days of credit pursuant to *United States v. Pierce,* 27 M.J. 367 (C.M.A. 1989), towards his sentence of confinement based on the forty-five days extra-duty appellant served as part of his Article 15 punishment. The military judge did not discuss the defense

counsel's argument for "no more than a BCD" with appellant. In appellant's matters submitted pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106 (Post-Trial Matters), appellant did not ask the convening authority to disapprove the bad-conduct discharge. As part of his post-trial submission, the appellant asked the convening authority to approve a post-trial discharge in lieu of court-martial.

**DISCUSSION**

On appeal appellant asserts that his counsel's argument for "no more than a bad-conduct discharge" is equivalent to a specific request for a bad-conduct discharge. Although the exact meaning of counsel's argument is not clear, we interpret trial defense counsel's argument as an attempt to dissuade the military judge from sentencing appellant to any additional confinement. However, even assuming appellant's assertion is correct, he is not entitled to relief.

*A. Record of Appellant's Consent to a Request for a Bad-Conduct Discharge*

An accused may request a punitive discharge in lieu of other types of punishment, and a defense counsel may advocate his client's wishes. However, "where the record is silent regarding an accused's desires, defense counsel may not concede that a punitive discharge is appropriate." *United States v. Lyons*, 36 M.J. 425, 427 (C.M.A. 1993). Therefore, "when defense counsel does seek a punitive discharge or does concede the appropriateness of such a discharge--even as a tactical step to accomplish mitigation of other elements of a possible sentence--counsel must make a record that such advocacy is pursuant to the accused's wishes." *United States v. Dresen*, 40 M.J. 462, 465 (C.M.A. 1994) (citing *United States v. Lyons*, 40 M.J. 425 (C.M.A. 1993)); *see United States v. Quick*, 59 M.J. 383, 385-86 (C.A.A.F. 2004). In other words, there must be "an adequate record of appellant's desire that a punitive discharge be actually imposed." *United States v. Pineda*, 54 M.J. 298, 301 (C.A.A.F. 2001). There were no affidavits attached by appellant or his defense counsel concerning whether or not they specifically discussed and agreed upon the strategy to request a bad-conduct discharge as part of the sentencing argument. Accordingly, the only evidence in the record of appellant's wishes in this matter is found in his unsworn statement during sentencing and his unsworn and undeclared *Grostefon* matters.

At the presentencing hearing, appellant's unsworn statement did not express a specific desire to be retained in the service after his conviction. Appellant generally stated that he wanted to be with his family so he could support them. At the same time, appellant never specifically expressed his desire to receive a bad-conduct discharge in lieu of any confinement in excess of the ninety-three days he already served in pretrial confinement. Neither the defense counsel nor the judge made clear on the record appellant's preferences. The military judge did not ask the appellant

whether he understood the ramifications of his counsel's argument and specifically authorized his defense counsel to request a punitive discharge on his behalf. The trial defense counsel failed to place on the record that appellant specifically authorized his counsel's argument for a bad-conduct discharge in lieu of additional confinement, if in fact this were the case, after having been advised of the consequences and seriousness of a bad-conduct discharge.

Under these circumstances, we hold that the record is inadequate to determine whether the appellant specifically authorized his counsel's argument for a bad-conduct discharge in lieu of additional confinement. Again, assuming the defense counsel's argument was the equivalent for a request for a punitive discharge, the failure to develop such a record was error by both the military judge and trial defense counsel. *See Pineda,* 54 M.J. at 298.

### *B. Prejudice*

An inadequate record "does not, per se, require an appellate court to set aside [an appellant's] court-martial sentence." *Pineda*, 54 M.J. at 301. The necessity of determining appellant's actual concurrence in the sentencing strategy of his counsel is not dispositive of this case. Instead, a court must assess "the impact of that error on the approved sentence to determine whether sufficient prejudice exist[s] for a finding of ineffective assistance of counsel under the second prong of the test in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.*

When alleging ineffective assistance of counsel, the burden is on appellant to demonstrate both that counsel was ineffective, and that he was prejudiced by the result. *United States v. Gutierrez*, 66 M.J. 329, 332 (C.A.A.F. 2008) ("The burden is on [the appellant] to show a reasonable probability, one sufficient to undermine the confidence in the outcome, that but for the defense counsel's ineffectiveness . . . he would not been convicted."). Thus, "because 'judicial scrutiny of counsel's performance must be highly deferential,' the appellate courts will not second-guess the strategic or tactical decisions of the trial defense counsel." *United States v. Clemente*, 51 M.J. 547, 550 (Army Ct. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 689). In assessing whether there is sufficient prejudice, an appellate court must decide "whether there is a reasonable probability that, but for counsel's error, there would have been a different result." *United States v. Quick*, 59 M.J. 383, 387 (2004).

We are satisfied that the trial defense counsel's argument did not prejudice the appellant, and the bad-conduct discharge was not a result of defense counsel's argument. The record does not show in any way that the military judge was persuaded to give appellant a bad-conduct discharge based on defense counsel's argument. In explaining the sentence, the military judge appeared to exercise independent judgment in determining an appropriate sentence. The circumstances of

4

this case supported the military judge's decision to sentence appellant to a bad-conduct discharge as part of the sentence.

This court has extensive experience in reviewing sentences. Given the extent of appellant's criminal conduct, we find no prejudice arising from the defense's counsel argument. Appellant received a prior Article 15 for use of marijuana and was reduced to E-4. Appellant pleaded guilty to selling military property without proper authority, using marijuana, violating a lawful general order by wrongfully possessing drug paraphernalia, and being AWOL for over three months before being apprehended. Finally, the AWOL offense occurred after his arraignment at the court-martial under appellate review.

We acknowledge the appellant's good military service performance and good rehabilitative potential were reflected by his sentencing witnesses and documents submitted to the court. Nevertheless, the military judge's decision to sentence appellant to a bad-conduct discharge is supported by the nature and gravity of the offenses and facts of this case.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN concurs.

WOLFE, Judge, concurring;

I concur with the majority opinion entirely. I write separately only to express my concern with the current state of the law which requires an accused and counsel to express in open court their otherwise privileged discussions, without an allegation of ineffective assistance of counsel. *See* Military Rule of Evidence 502. We require no such disclosure when, for example, trial defense counsel argues his or her client be sentenced to a period of months or even years.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court