*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, STEWART, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Joshua R. ADAD**
Seaman (E-3), U.S. Navy
*Appellant*

**No. 202000213**

Decided: 9 February 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Michael J. Luken (arraignment)
Benjamin C. Robertson (motions and trial)

Sentence adjudged 22 May 2020 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for thirty-six months, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Christopher K. Riedel, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of five specifications of wrongful distribution of a controlled substance, two specifications of wrongful possession with intent to distribute a controlled substance, and three specifications of wrongful possession of a controlled substance, in violation of Article 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 912a.

While this case was submitted without assignment of error, and we ultimately find no prejudice and affirm, two issues warrant discussion: (1) the military judge failed to obtain Appellant's forum election or to announce the court-martial's assembly before proceeding to trial by military judge alone; and (2) the trial defense counsel argued for a bad-conduct discharge [BCD] without making a sufficient record that such advocacy was pursuant to Appellant's wishes. We discuss each issue in turn.

## I. DISCUSSION

### A. Forum Election and Assembly

The trial judge[1] failed to obtain Appellant's forum election or announce assembly of the general court-martial, instead proceeding immediately to plea entry and providence inquiry. In so doing, as explained below, the military judge omitted several safeguards required by Article 16, UCMJ, and Rules for Courts-Martial [R.C.M.] 903 and 911.

Article 16(b)(3) provides that an accused may be tried before a general court-martial composed of a military judge alone: "if, before the court is assembled, the accused, knowing the identity of the military judge and after consultation with defense counsel, requests, orally on the record or in writing, a court composed of a military judge alone and the military judge approves the request." 10 U.S.C. § 816. *See also* R.C.M. 903(b) (accused shall elect forum in writing or orally on the record).

_____

[1] There were two military judges detailed to this case—an arraignment judge and a trial judge. The arraignment judge, who presided only at the initial arraignment session, advised Appellant of his forum rights and granted the Defense's request to reserve forum selection, motions, and pleas. The trial judge presided over everything after arraignment.

Thus, except in certain judge alone special courts-martial convened under Article 16(c)(2)(A), the military judge in a noncapital case has an affirmative duty to ascertain whether the accused has consulted with defense counsel about his right to trial by members and has been informed of the identity of the military judge prior to electing forum. R.C.M. 903(a)(1), 903(c)(2)(A). The military judge must then approve or disapprove the request for trial by judge alone. R.C.M. 903(c)(2)(B).

In addition, the military judge must announce the assembly of the court-martial. R.C.M. 911. Announcing the assembly of the court-martial is important because

> it marks the point after which: substitution of the members and military judge may no longer take place without good cause; the accused may no longer, as a matter of right, request trial by military judge alone or withdraw such a request previously approved; and the accused may no longer request, even with the permission of the military judge, or [*sic*] withdraw from a request for members.

R.C.M. 911, Discussion (citations omitted). *But see* R.C.M. 903(e) (vesting military judge with discretion to approve untimely forum election requests until the beginning of introduction of evidence on the merits).

While these requirements are mandatory, Article 16 violations are not jurisdictional provided there is "substantial compliance" with the statute. Consequently, we must test any such violations for prejudice. *See United States v. Goodwin*, 60 M.J. 849, 850 (N-M. Ct. Crim. App. 2005) (citing *United States v. Turner*, 47 M.J. 348, 350 (C.A.A.F. 1997); *United States v. Mayfield*, 45 M.J. 176, 178 (C.A.A.F. 1996)); *see also* Article 59(a), UCMJ.

Here, the trial judge's omissions constitute error, but we find no prejudice for four reasons. First, the arraignment judge advised Appellant of his forum election rights at arraignment. Second, Appellant signed and submitted a plea agreement wherein he elected to be tried by military judge alone. Third, during the military judge's explanation of the plea agreement, Appellant stated that he understood his forum rights and that he had voluntarily elected trial by military judge alone. Finally, and most importantly, prior to findings, the military judge recognized his earlier oversights and remedially addressed them with the parties:

> I believe I did not officially assemble the court by saying, "This court is assembled," at the beginning of the plea agreement. Do all parties—were all parties operating under the same belief

that I was that the accused, through the plea agreement, had accepted—had selected a military judge alone trial?[2]

Both the trial counsel and the trial defense counsel replied, "Yes, Your Honor."[3] The military judge then asked the trial defense counsel whether he had any concerns because the military judge had not announced the court's assembly. The trial defense counsel responded, "No, Your Honor."[4]

For these reasons, we find substantial compliance with Article 16. *See United States v. Goodwin*, 60 M.J. 849, 850 (N.M. Ct. Crim. App. 2005) (citing *United States v. Turner*, 47 M.J. 348, 350 (C.A.A.F. 1997) and *United States v. Mayfield*, 45 M.J. 176, 178 (C.A.A.F. 1996)); *see also* Article 59(a), UCMJ. Furthermore, while the military judge's failure to announce assembly of the court-martial was a lapse, the record plainly establishes that Appellant was not deprived of any of the protections afforded by the UCMJ or the Rules for Courts-Martial. Accordingly, noting Appellant did not object at trial or on appeal, we independently find no material prejudice to Appellant's substantial rights.

## B. "BCD Striker" Issue

We now turn to whether Appellant understood the consequences of and concurred with his trial defense counsel's decision to advocate for a BCD. During his sentencing argument, the defense counsel explicitly asked the military judge to "give [Appellant] eighteen months of confinement and *a bad-conduct discharge*."[5] The defense counsel also made several similar statements including, "[Appellant's] place is not in the Navy anymore,"[6] and "we agree a punitive discharge is the right way to go . . . ."[7]

In light of Appellant's extensive drug-related misconduct, his defense counsel's advocacy for a BCD unquestionably represented a tactical decision to bolster his argument for the plea agreement's minimum confinement period: eighteen months. Nevertheless, where defense counsel argues for "a

---

[2] R. at 209.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 228 (emphasis added).

[6] *Id.* at 232.

[7] *Id.* at 233. Although the defense counsel here used the unspecified term, "punitive discharge," and did not specify a BCD, his argument in context clearly aimed for a BCD, and did not contemplate or concede the appropriateness of a dishonorable discharge.

punitive discharge, *even as a tactical step to accomplish mitigation of other elements of a possible sentence*[,] counsel must make a record that such advocacy is pursuant to the accused's wishes." *United States v. Captain*, 75 M.J. 99, 104 (C.A.A.F. 2016) (internal quotation marks omitted) (quoting *United States v. Pineda*, 54 M.J. 298, 301 (C.A.A.F. 2001)). In cases where defense counsel advocates for a punitive discharge, but the record fails to establish the accused's concurrence, the trial court should conduct a brief inquiry to resolve the matter. *See, e.g.*, Dep't of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-7-26 (Feb. 29, 2020) (Argument or Request for a Punitive Discharge).

Here, despite defense counsel's explicit argument for a BCD, the record is silent regarding Appellant's wishes concerning imposition of a punitive discharge.[8] That is error. However, the failure to make an adequate record of Appellant's wishes "does not *per se*, require an appellate court to set aside a court-martial sentence." *Pineda*, 54 M.J. at 301. Instead, we must test for prejudice to assess the impact of the error on the sentence because "where the facts of a given case compel a conclusion that a bad-conduct discharge was reasonably likely, we do not normally order a new sentence hearing." *Id.* (citation omitted).

Considering the number and severity of Appellant's drug crimes—for which the maximum authorized punishment included confinement for 120 years and a dishonorable discharge—we have little difficulty finding the facts in this case compel a conclusion that (at least) a bad-conduct discharge was reasonably likely. During the summer of 2019, Appellant engaged in a spate of drug-related misconduct that resulted in ten separate convictions. He distributed for profit 3-4-methylenedioxymethamphetamine [MDMA], lysergic acid diethylamide [LSD], and cocaine; possessed with intent to distribute additional MDMA and LSD; and possessed ecstasy pills and psilocybin mushrooms. The military judge found this misconduct sufficiently egregious to warrant a dishonorable discharge—the most severe type of punitive separation—as well as the maximum total confinement authorized by the

---

[8] In his unsworn statement, Appellant discussed his plans after release from the brig, which included returning to college and attending trade school. *Id.* at 225. However, without more, we find such sentiments evince no apparent desire for punitive separation, as Sailors and Marines routinely pursue further education while serving honorably on active duty. *Cf. United States v. Lyons*, 36 M.J. 425, 426 (C.A.A.F. 1993) (finding no further inquiry necessary where the defense counsel argued the appellant was requesting a BCD after the appellant told the military judge in his unsworn statement, "I feel that it is in both my interest and the Navy to discharge me. I realize that a BCD will have a hard effect on me.").

plea agreement: thirty-six months.[9] Consequently, affording due weight to the Defense's case in extenuation and mitigation, we find the record amply compels the conclusion that the military judge would have adjudged the same sentence even absent defense counsel's request for the less severe punitive discharge, a BCD. Therefore, we find Appellant was not prejudiced by his defense counsel's sentencing argument.

## II. CONCLUSION

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[9] The military judge also sentenced Appellant to reduction to pay grade E-1.